CHARLES K. STEVENSON, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Order requiring a non-resident plaintiff to give security for costs — denied if there be any laches in applying therefor — the burden of disproving laches rests upon the defendant.*

The defendant having obtained an *ex parte* order requiring the plaintiff to give security for costs, the plaintiff obtained an order to show cause why such prior order should not be vacated, upon the return day of which it appeared that the order requiring security to be given had not been obtained until after the defendant had answered, whereupon the court vacated the former order, on the ground that the defendant had been guilty of laches.

*Held*, that such former order was properly vacated, as it did not appear, on the part of the defendant that the non-residence of the plaintiff, assuming the allegation thereof to be true, was not known to any of its officers prior to the service of the answer.

That the omission to prove such want of knowledge on the part of the defendant, if it existed, was fatal to the defendant upon this appeal.

That the burden of showing such want of knowledge rested upon the defendant

APPEAL by the defendant from an order vacating a prior order which required the plaintiff to file security for costs.

*Charles Steele,* for the appellant.

*J. Edward Swanstrom,* for the respondent.

BRADY, J.:

The defendant, upon an affidavit made by its secretary, Mr. McDonough, obtained an order on the 20th of January, 1888, requiring the plaintiff to file security for costs within ten days after the service of a copy of the order. On the third of February succeeding, the plaintiff, upon an affidavit that he was a resident of this county, obtained an order to show cause why the previous order should not be vacated. Upon the hearing provided for in the last order, several affidavits were read of conversations had with the plaintiff, during which he admitted that he was a resident of Jersey City, in the State of New Jersey. And one affidavit was read in which it was asserted that he was still a resident of that State, which was sworn to on the seventh of February, of the present year.

No response was made to these affidavits, by the plaintiff, and the question of fact as to the residence would seem to have been sustained by the defendant. That question does not, however, appear to have been considered by the learned justice in the court below, and his disposition of the motion rests upon the laches of the defendant, the order to file security for costs not having been obtained until after the defendant had answered. On that subject, it appears that the action was commenced on the 25th of November, 1887; that on the fourteenth of December of the same year, the defendant's attorneys applied for an extension of the time to serve an answer, which was given, and the answer was served on the 3d of January, 1888. It was not until the sixteenth of January following, that any request was made to file security for costs. The learned justice in the court below was, therefore, right in asserting that the order to file security for costs was not obtained until after the defendant had answered. It does not appear on the part of the defendant that the non-residence of the plaintiff, assuming the allegation thereof to be true, was not known to any of its officers prior to the service of the answer, and the omission to prove that fact, if it existed, is

fatal to the appeal herein. There is no doubt, on the authorities. which are collated in *Buckley* v. *The Gutta Percha and Manufacturing Company* (3 Civ. Pro. Rep,, 428), that a motion for security for costs must be made at the first opportunity.

The learned justice deciding the case cited, said that "the provisions of section 3268 (relating to the subject), are intended solely for the benefit of the defendant; a neglect to promptly avail himself of such benefit would be construed as a waiver," and, further, that "the rule is too familiar to require a citation of authorities."

In that case, as in this, the order for security was not obtained until after the answer had been served. This case was disposed of upon the authority of that adjudication, and it seems to be in accord with the established rules relating to the subject. It is supposed by the learned counsel for the appellant, that the burden rests upon the plaintiff to show affirmatively that the defendant knew of the non-residence, in order to avail himself of the doctrine of laches, but this is an erroneous view. The defendant having been apparently guilty of laches, was bound to overcome that obstacle by presenting upon the hearing the evidence to accomplish that result, if it were in his power to do so. The plaintiff had the right to rely upon the insufficiency of the application if he chose to do so.

For these reasons the order appealed from must be affirmed.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Order affirmed.