(25 Civ. Proc. R. 53.)

### SCHWARTZ v. SCOTT.

(Supreme Court, Special Term, New York County. August, 1895.)

1. Costs—Security for—Ex parte Order.
    An order requiring plaintiff to give security for costs may be made without notice. Churchman v. Merritt (Sup.) 2 N. Y. Supp. 843, followed.
2. Same—Laches.
    Where defendant delayed applying for an order to compel plaintiff to give security for costs until after he had served his answer, though he knew that he was entitled to security, the motion will be denied on the ground of laches. Stevenson v. Railroad Co. (Sup.) 1 N. Y. Supp. 670, followed.

Action by Schwartz against Scott. Plaintiff moves to vacate an order requiring him to give security for costs. Granted.

Dunn & Delacy, for plaintiff.
Davies, Stone & Auerbach, for defendant.

BEEKMAN, J. An order having been made requiring plaintiff to give security for costs, I am now asked to vacate the same on the grounds: First, that the order was irregularly granted, in that it was made ex parte; and, second, that the defendant was guilty of laches in not applying for the order until after he had served his answer. So far as the first ground of objection is concerned, it is clearly untenable. The court or judge has the power, under section 3272 of the Code of Civil Procedure, to make such an order without notice. This was clearly held in the case of Churchman v. Merritt, 50 Hun, 270, 2 N. Y. Supp. 843. In that case, while Mr. Justice Daniels expressed the opinion that it was a "more judicious mode of

proceeding" to apply for the order on notice, he also states that an absolute order in the first instance is not unauthorized.

As to the other ground upon which the motion is made, I am of the opinion that the defendant forfeited his right to security for costs by delaying his application until after he had answered the complaint. He knew, upon the service of the summons and complaint, that he was entitled to an order requiring security for costs to be given. The law requires that under such circumstances the application must be diligently made, and it has been held that such diligence has not been shown where it appears that the application is not made until after the answer has been served. The question seems to have come squarely before the general term of this department in the case of Stevenson v. Railroad Co., 49 Hun, 169, 1 N. Y. Supp. 670, in which the order of the court below is affirmed, which vacated an order made to file security for costs on the ground of the laches of the defendant, where such laches seem to have been mainly in failing to move before service of the answer. I am not to be understood as taking the position that the court cannot require security for costs, even after answer, in a case where the delay in moving was excusable. No facts, however, are presented upon this motion disclosing any reason whatsoever why the motion was not more promptly made. Under such circumstances, I think that the case fairly comes within the decision above stated. The defendant's counsel refers to the case of Robertson v. Barnum, 29 Hun, 657, where the general term of this court in the Second department sustained an order requiring security for costs, although the defendant had not applied for such order until after serving his answer. Without undertaking to hold that the two cases may not be reconciled, it is sufficient to say that the case of Stevenson v. Railroad Co. is a later determination of the court, and one also which was made in this department; and, if there is any inconsistency between the two cases, it should certainly be followed by me.

Motion granted, with $10 costs.