(18 Misc. Rep. 597.)

SMITH & BRIGGS BRASS WORKS v. KAHN et al.

(City Court of New York, General Term. December 12. 1896.)

SECURITY FOR COSTS—WAIVER OF RIGHT.
    In an action in which the complaint alleged that plaintiff was a foreign corporation, defendants obtained two extensions of time to answer, served the answer, received plaintiff's notice of trial, and served their notice of trial, before applying for security for costs. Held, that they were guilty of laches, and waived their right to such security, in the absence of an explanation of their delay.

Appeal from special term.

Action by the Smith & Briggs Brass Works against Isaac Kahn and others. From an order requiring plaintiff to give security for costs, it appeals. Reversed.

Argued before VAN WYCK, C. J., and O'DWYER, J.

Samuel S. Watters, for appellant.
Emanuel Jacobs, for respondents.

O'DWYER, J. This is an appeal from an order made at special term requiring the plaintiff to furnish security for costs. This action was commenced upon the 22d day of August, 1896, by a personal service of the summons and complaint. Upon the 28th day of August defendants appeared, and, at their attorney's request, were given an extension of time to answer. Upon the 3d day of September a further extension of time to answer to the 9th day of September was given. On the morning of the 10th day of September, 1896, plaintiff's attorney received the defendants' answer by mail. Upon the 16th day of September, 1896, plaintiff's notice of trial was served, and upon the 21st day of September, 1896, defendants served their notice of trial. Upon the 30th day of September, 1896, defendants' attorney obtained ex parte and served an order requiring the plaintiff to furnish security for costs, or show cause upon October 6th. Plaintiff unsuccessfully opposed the motion in court up-

on the 6th day of October upon the ground of laches, and from the order entered thereon this appeal is taken.

The right of the defendant to require security for costs is lost or waived by laches. Negligence to promptly require the security at the first opportunity will defeat the application. The order must be applied for as soon as the fact of the plaintiff's nonresidence comes to the knowledge of the defendant. The neglect of the defendant to apply for security for costs until after the service of the answer and the notice of trial is a waiver thereof, unless the defendant is ignorant of the nonresidence of the plaintiff. If the defendant apply for security for costs after service of the answer and the notice of trial, the burden of proving affirmatively that he did not know of the plaintiff's nonresidence before is upon the defendant. This proposition is supported with great unanimity by all the cases reported, and an orderly system of practice requires that the procedure should be uniform and certain. Here the complaint advised the defendants of the plaintiff's nonresidence, and no explanation for the delay on their part is offered. Notwithstanding the allegation in the complaint that the plaintiff was a foreign corporation, the respondents obtained two extensions of time to answer, served their answer, received the plaintiff's notice of trial, served defendants' notice of trial, and only procured the order when the case was to be placed on the calendar for trial. We think they were guilty of laches in applying for security for costs, and waived their right thereto.

The order appealed from should be reversed, with costs to the appellant.