ADOLPH SEGAL, Appellant, *v.* WILLIAM CAULDWELL, Respondent.

*Security for costs — the court must before, and may, if excuse be shown, after, answer served, require a non-resident plaintiff to give security — excuse that a delay occurred during the summer vacation.*

The absolute right of a defendant to compel a non-resident plaintiff to give security for costs is waived, unless it is asserted before answer; a subsequent application is addressed to the discretion of the court, and some fact must be shown to excuse a delay in making it.

The fact that the delay occurred during the summer vacation may be properly considered by the court in its determination of the question whether, in the exercise of its discretion, it will require, on an application made after the answer has been served, security to be given.

VAN BRUNT, P. J., and O'BRIEN, J., dissented.

APPEAL by the plaintiff, Adolph Segal, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of September, 1897, requiring the plaintiff to give security for costs.

*J. Edward Ackley*, for the appellant.

*E. H. Benn*, for the respondent.

INGRAHAM, J. :

We agree with the learned justice who made the order appealed from that a defendant, by failing to move before answer, waives his absolute right to require a non-resident plaintiff to give security for costs. Where a motion is made after answer, the application is addressed to the discretion of the court, and some fact must be shown to excuse the delay. The court below appreciated this rule, but held that in this case the discretion should be exercised in favor of the application, and we do not think that we would be justified in reversing it in the exercise of that discretion. It appeared that the complaint was served about a month before the commencement of the summer vacation, and that the anwer was not served until after the vacation had commenced. The answer having been served on July 28, 1897, this motion was made on August 28, 1897. It thus appears that the delay was during the summer vacation, and at a time when, from the necessities of the case, counsel are in the habit of taking their vacation. It is this fact that is before the court, and it is quite proper to consider it in determining whether the delay in moving, occurring just at the end of the busy time of the year, was an excuse for not making the application before the service of the answer. We think that this fact was sufficient to allow the court below to exercise its discretion in determining whether the delay was excusable. The right of the defendant to have required the plaintiff to give security for costs, if the application had been in time, is not questioned. The court below had before it a fact which justified its considering whether or not the application when it was made should be granted, and we do not think that we should interfere with its determination of that question.

The order appealed from is affirmed, with ten dollars costs and disbursements.

WILLIAMS and PATTERSON, JJ., concurred; VAN BRUNT, P. J., and O'BRIEN, J., dissented.

O'BRIEN, J. (dissenting):

The action was commenced on June 3, 1897. Fifty-five days thereafter, on July 28, 1897, the defendant's answer was served. Thirty-one days after answer served, and eighty-six days after the action was begun, on August 28, 1897, the motion was made, upon an affidavit of the attorney, which simply stated that the plaintiff is not a resident of the State, and that the defendant demands security for costs. Not a word of explanation or excuse is given for the delay in making the motion. The question is, therefore, whether the defendant was entitled to such order as a matter of right, or whether it was discretionary. If the latter, it must necessarily mean a legal discretion, which is to be exercised upon some facts justifying the court's action. We must regard the rule as settled in this State that, if the defendant delays his application for security until after answer served, he has waived his absolute right to the same, and the court will, in its discretion, allow his application only when he furnishes a satisfactory reason for the delay. This rule naturally follows from an underlying one, that an application for security for costs must be made promptly, and is waived by delay. (*Buckley* v. *Gutta Percha, etc., Mfg. Co.,* 3 Civ. Proc. Rep. 428; *McDonald* v. *Peet,* 7 id. 200; *Todd* v. *Marsily,* 15 id. 247, note; *Weber* v. *Moog,* 12 Abb. N. C. 108.) In a similar case (*King* v. *Met. St. Ry. Co.,* N. Y. L. J., Sept. 25, 1897), the only difference being that the order was obtained *ex parte,* and that decision was made on a motion to vacate on the papers on which the *ex parte* order was granted, the same justice who made this order correctly states the rule: "A motion for security for costs must be made at the first opportunity. The defendant, with full knowledge of all the facts, served an answer before applying for and obtaining the order requiring security to be given. The defendant, in serving the answer before applying for security, waived its rights to have security given. (*Schwartz* v. *Scott,* 70 N. Y. St. Repr. 381; *Steven-*

*son* v. *N. Y., L. E. & W. R. R.*, 49 Hun, 169 ; *Buckley* v. *Gutta Percha, etc., Mfg. Co.*, 3 Civ. Proc. Rep. 428.) No explanation is given for the delay in obtaining the order. Motion granted, with $10 costs."

In *Schwartz* v. *Scott* (25 Civ. Proc. Rep. 53), after reviewing the cases showing that after answer the granting of a motion for security for costs is a matter of discretion and not a matter of right, the judge there denied the motion because no facts were presented showing why it was not more promptly made. We think it would be introducing confusion into the practice if we were to change what we must now regard as a well-established rule, which in the present instance was departed from, it appearing that the motion was made long after the answer was served, and not a single fact being presented to excuse the delay.

There being no facts, therefore, upon which the court could rest its discretion, it was error to grant the motion, and the order should accordingly be reversed, with ten dollars costs and disbursements and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.