(33 App. Div. 132.)

HENDERSON, HULL & CO., Limited, v. McNALLY et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

SECURITY FOR COSTS—WAIVER.
   A defendant's absolute right to compel a nonresident plaintiff to give security for costs is waived unless it is asserted before answer; and, a subsequent application ·being addressed to the discretion of the court, some fact must be shown to excuse the delay in making it.

Appeal from special term.

Action by Henderson, Hull & Co., Limited, against Harry McNally and others. From an order°requiring plaintiff, a foreign corporation, to give security for costs, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William C. Wolf, for appellant.
L. E. Prendergast, for respondents.

BARRETT, J. After procuring óne extension of time, the defendant McNally, upon the 20th day of May, 1898, served his answer. The other defendants defaulted in pleading. Upon the 23d day of May, 1898, the case was noticed for trial by the plaintiff, and also by the defendant McNally. After this the defendants moved for security for costs, and their application was granted. This, we think, was, under the circumstances, erroneous. The defendants seem to have moved for security as matter of right. The rule with us is that the defendants' absolute right to compel a nonresident plaintiff to give security for costs is waived unless· it asserted before answer; and a subsequent application is addressed to the discretion of the court, and some fact must be shown to excuse the delay in making it. Segal v. Cauldwell, 22 App. Div. 95, 47 N. Y. Supp. 839. Here no such fact was shown. Indeed, the affidavit upon which the de-

fendants moved proceeds solely upon the ground that it appears from the complaint—as in fact it does—that the plaintiff is a foreign corporation. With this fact thus before them, the defendants answered and noticed the case for trial without moving for security. That ended their absolute right. They might still have appealed to the discretion of the court, upon showing some fact excusing the delay in moving. Having shown no such fact, but relying solely upon what they conceived to be their absolute right, their application should have been denied. There was nothing presented upon which the discretion of the court could have been exercised.

The order appealed from should therefore be reversed, with $10 costs and the disbursements of the appeal, and the motion denied, with $10 costs. All concur.

RUMSEY, J. I concur in the result of this opinion, because the rule therein stated seems to have been adopted in this department, and the question whether an application to compel a plaintiff to give security for costs can be made after answer is not an open one.