(27 Misc. Rep. 187.)

DWYER v. McLAUGHLIN.

(City Court of New York, General Term. March 30, 1899.)

SECURITY FOR COSTS—WAIVER.

Unexcused failure of defendant to make application until his answer and the notice of trial have been served is a waiver of his absolute right to require security for costs, where plaintiff sues by guardian ad litem. Code Civ. Proc. § 3268, subd. 5.

Appeal from special term.

Action by Thomas Dwyer, an infant, by Thomas W. Dwyer, his guardian ad litem, against Thomas J. McLaughlin. From an order requiring plaintiff or his guardian to file security for costs, plaintiff appeals. Reversed.

Argued before McCARTHY, P. J., and OLCOTT, J.

Philip Carpenter, for appellant.

Ennever & Trautman, for respondent.

McCARTHY, P. J. This appeal is from an order requiring the plaintiff or his guardian ad litem to file security for costs, and the only question involved is, admitting that defendant has the right at first to require the plaintiff or his guardian ad litem to file security for costs, yet where defendant has been guilty of laches in such requirement, and fails to explain such delay or laches, does the defendant lose such right, and thus waive any claim to require the plaintiff to give such security? We think the defendant in this case has done so. The defendant claims the right to security for costs under subdivision 5 of section 3268 of the Code of Civil Procedure, because the plaintiff sues by his guardian ad litem, and, although defendant knew the form or character in which the plaintiff was suing from the time of the service of the summons herein, yet nothing was done by him until after an extension of time to answer had been granted, and the service of an answer was made, and a notice of trial was also duly served. It has been held by a great many cases that where a party defendant waits until after the answer has been served before he makes his application for security for costs, the absolute right is lost, and then becomes a matter of appeal to the discretion of the court, but the court will not exercise its discretion unless a sufficient excuse is given for the delay. Buckley v. Manufacturing Co., 3 Civ. Proc. R. 429. I think one of the strongest cases in support of this position, and exactly like the case at bar, is Brass Works v. Kahn, 18 Misc. Rep. 597, 42 N. Y. Supp. 478. The order appealed from was reversed with costs. The opinion is, indeed, interesting, and to the point. Again, in Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351, after answer and notice of trial, the defendant moved for security for costs, and the application was granted, but this was reversed. Barrett, J., writing the opinion, says: "This, we think, was, under the circumstances, erroneous. The defendants seemed to have moved for security as a matter of right." The rule with us is that the defendant's absolute right to compel a nonresident plaintiff to give security for costs is waived

unless it is asserted before answer. A supplication is addressed to the discretion of the court, and some fact must be shown to excuse the delay in making it. Here no fact is shown. They might have appealed to the discretion of the court, upon showing some fact excusing the delay in moving. Having shown no such fact, but relying solely upon what they conceived to be their absolute right, their application should have been denied. There was nothing presented in the case at bar upon which the discretion of the court could have been exercised.

The order should be reversed, and the motion for security for costs is denied, with costs.

OLCOTT, J., concurs.