PETER JOHNSON, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Laches — what is not laches in procuring an order requiring a non-resident to give security for costs.

Where, in an action begun on August seventh, in which the complaint was served on September twentieth, the defendant's time to answer was extended on October seventeenth for fifteen days, and an order, requiring the plaintiff, a non-resident, to give security for costs, was procured on October twenty-sixth, before the answer was served on the thirtieth of that month, such order should not be vacated upon the ground of laches on the part of the defendant in procuring it.

HATCH, J., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of November, 1900, vacating an order requiring the plaintiff to give security for costs.

*Charles F. Brown*, for the appellant.

*Carl Fischer Hansen*, for the respondent.

RUMSEY, J.:

This action was begun on the 7th of August, 1900. The complaint was served on the 29th of September, 1900. The defendant's time to answer was extended on the seventeenth of October for fifteen days. The order requiring the plaintiff to give security for costs was procured on the twenty-sixth of October, before the

answer was served, and the answer was served on the thirtieth day of October. The court vacated the order requiring the plaintiff to give security, upon the ground of *laches*.

We think the decision was erroneous. The rule is settled in this department that the absolute right of the defendant to require a non-resident plaintiff to give security for costs is waived, unless the order is applied for before answer. (*Henderson, Hull & Co.* v. *McNally*, 33 App. Div. 132.) The defendant complied with this rule and obtained the order within the time required by it. The affidavits upon which the order was obtained were sufficient to warrant it, and in the absence of any proof on the part of the plaintiff to overthrow the facts stated in those affidavits, there was nothing to deprive the defendant of the right to have security.

The order appealed from must, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the order requiring security for costs denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred; HATCH, J., dissented.

HATCH, J. (dissenting):

I cannot concur with the views expressed by Mr. Justice RUMSEY in his opinion in this case. He has considered but one point, viz., the *laches* of the defendant in making its motion for an order compelling the plaintiff to file security for costs. Other questions were raised by the plaintiff upon his motion to vacate the *ex parte* order requiring him to file security, which seem to me of some importance, and among them it is stated as a ground for the motion that it nowhere appears in the affidavits or order directing him to file such security that the plaintiff was, when this action was commenced, a person residing without the State, or that after the commencement of the action the plaintiff ceased to be a resident of the State.

It would seem that this ground is well taken. No mention whatever of the residence or non-residence of the plaintiff is made in the order, nor is any ground stated in the order for its issuance. The affidavits are made by an officer of the defendant and by a clerk of the defendant's attorney. The officer of the company does not attempt to show the non-residence of plaintiff, but refers to the

affidavit of the clerk, attached. The affidavit of the clerk states that "deponent knows that the plaintiff above named resides at No. 629 Grand Street, Jersey City, New Jersey. That on the 24th day of October, 1900, deponent called at said address and inquired in a grocery store at said address for the above-named plaintiff; that deponent was informed by the clerk in charge of said store, and by the cashier, that Peter Johnson, the above-named plaintiff, resided above said store, but was not then at home; and that said Peter Johnson had sustained an accident at the hands of the Metropolitan Street Railway Company." It is thus seen that the only allegations of non-residence are on information and belief, and while the sources of information are given as a clerk and cashier in a grocery store, without naming either or naming the store, no attempt is made to excuse the non-production of the affidavits of either. It seems to me that, upon this ground alone, the order to file security for costs was improvidently granted, and the justice granting the same did well to vacate it. Nor do I think the defendant was free from *laches.* It is true he did not answer until after he had secured the order requiring security for costs, but he did not secure the order until after the time for answering had expired and during an extension of time to answer. It has been always held that such motions must be made promptly, and that by failure to move with promptness the defendant waives his absolute right to have security for costs, and it then becomes a matter of discretion with the court to grant or refuse the order. It has, therefore, been held that such an order might be made after an answer had been served where it appeared that defendant did not learn of the non-residence of the plaintiff before service of the answer.

In this case the action was begun on the 7th day of August, 1900, the complaint was served on the twenty-ninth of September; on the seventeenth of October the defendant's time to answer was extended fifteen days, and finally on the twenty-sixth day of October, two months and nineteen days after the action was commenced, the order for security was granted.

There is no attempt to show that the defendant did not know when the action was commenced, as well as at the time the motion was made, that the plaintiff was a non-resident, if he is such; and to hold, in the absence of such proof, that there has been promptness

such as has always been required in these cases, stretches the rule to an extent which does away with it entirely, as I view it. (*Stevenson* v. *N. Y., L. E. & W. R. R. Co.*, 49 Hun, 169; *Sims* v. *Bonner*, 21 Civ. Proc. Rep. 355.)

I think the order appealed from should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion to vacate order requiring security for costs denied, with ten dollars costs.