## JOHNSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

COSTS—SECURITY—NONRESIDENT PLAINTIFF—LACHES—RIGHT OF DEFENDANT.

    Where a complaint was served by a nonresident plaintiff on September 28th, and defendant's time to answer was extended on October 17th for 15 days, and the answer was served on October 30th, it was improper to vacate an order obtained on October 26th, requiring plaintiff to give security for costs on the ground of defendant's laches.

    Hatch, J., dissenting.

Appeal from special term, New York county.

Action by Peter Johnson against the Metropolitan Street-Railway Company. From an order vacating an order requiring plaintiff to give security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Carl Fischer-Hansen, for respondent.

RUMSEY, J. This action was begun on the 7th of August, 1900. The complaint was served on the 29th of September, 1900. The defendant's time to answer was extended on the 17th of October for 15 days. The order requiring the plaintiff to give security for costs was procured on the 26th of October, before the answer was served, and the answer was served on the 30th day of October. The court vacated the order requiring the plaintiff to give security upon the ground of laches. We think the decision was erroneous. The rule is settled in this department that the absolute right of the defendant to require a nonresident plaintiff to give security for costs is waived unless the order is applied for before answer. Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351. The defendant complied with this rule, and obtained the order within the time required by it. The affidavits upon which the order was obtained were sufficient to warrant it; and, in the absence of any proof on the part of the plaintiff to overthrow the facts stated in those affidavits, there was nothing to deprive the defendant of the right to have security.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order requiring security for costs denied, with $10 costs.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur.

HATCH, J. (dissenting). I cannot concur with the views expressed by Mr. Justice RUMSEY in his opinion in this case. He has considered but one point, viz. the laches of the defendant in making its motion for an order compelling the plaintiff to file security for costs. Other questions were raised by the plaintiff upon his motion to vacate the ex parte order requiring him to file security, which seem to me of some importance; and among them it is stated as a ground for the motion that it nowhere appears in the affidavits or order directing him to file such security that the plaintiff was, when this action was commenced, a person residing without the state, or that after the commencement of the action the plaintiff ceased to be a resident of the state. It would seem that this ground is well taken. No mention whatever of the residence or nonresidence of the plaintiff is made in the order, nor is any ground stated in the order for its issuance. The affidavits are made by an officer of the defendant and by a clerk of the defendant's attorney. The officer of the company does not attempt to show the nonresidence of plaintiff, but refers to the affidavit of the clerk, attached. The affidavit of the clerk states that "deponent knows that the plaintiff above named resides at No. 629 Grand street, Jersey City, New Jersey; that on the 24th day of October, 1900, deponent called at said address, and inquired in a grocery store at said address for the above-named plaintiff; that deponent was informed by the clerk in charge of said store, and by the cashier, that Peter Johnson, the above-named plaintiff, resided above the store, but was not then at home; and that said Peter Johnson had sustained an accident at the hands of the Metropolitan Street-Railway Company." It is thus seen that the only allegations of nonresidence are on information and belief, and, while the sources of information are given as a clerk and cashier in a grocery store, without naming either, or naming the store, no attempt is made to excuse the nonproduction of the affidavits of either. It seems to me that upon this ground alone the order to file security for costs was improvidently granted, and the justice granting the same did well to vacate it. Nor do I think the defendant was free from laches. It is true, he did not answer until after he had secured the order requiring security for costs, but he did not secure the order until after the time for answering had expired, and during an extension of time to answer. It has been always held that such motions must be made promptly, and that by failure to move with promptness the defendant waives his absolute right to have security for costs, and it then becomes a matter of discretion with the court to grant or refuse the order. It has, therefore, been held that such an order might be made after an answer had been served, where it appeared that defendant did not learn of the nonresidence of the plaintiff before service of the answer. In this case the action was begun on the 7th day of August, 1900. The complaint was served on the 29th of September. On the 17th of October the defendant's time to answer was extended 15 days; and, finally, on the 26th day of October,

2 months and 19 days after the action was commenced, the order for security was granted. There is no attempt to show that the defendant did not know when the action was commenced, as well as at the time the motion was made, that the plaintiff was a nonresident, if he is such; and to hold, in the absence of such proof, that there has been promptness such as has always been required in these cases stretches the rule to an extent which does away with it entirely, as I view it. Stevenson v. Railroad Co., 49 Hun, 169, 1 N. Y. Supp. 670; Sims v. Bonner, 21 Civ. Proc. R. 355, 16 N. Y. Supp. 800. I think the order appealed from should be affirmed, with costs.