affirmatively and satisfactorily shown to have taken place. In re Nichols, 54 N. Y. 62; People v. Crowley, supra. It having been made to appear beyond all question that the plaintiff's taxable residence for many years prior to 1883 was in the town of Elbridge, we think there is, at least, some reason for saying that, under all the circumstances of this case, he has not established, by affirmative and satisfactory proof, the fact that for the purposes of taxation he did in good faith acquire another residence, so as to deprive the assessors of that town of jurisdiction. It therefore follows that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.

(59 App. Div. 154.)

### COOKE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

COSTS—ORDER FOR SECURITY—LACHES.

    An action for personal injuries was commenced by the service of summons, and defendant thereafter granted plaintiff seven extensions of time, amounting in all to 115 days, in which to file his complaint. Within the 20 days thereafter in which defendant could have filed answer, he obtained an order requiring plaintiff to give security for costs. *Held*, that it was error to vacate such order on the ground of laches, since the delay was caused by plaintiff.

Appeal from special term.

Action by James Cooke, Jr., an infant, by James Cooke, his guardian ad litem, against the Metropolitan Street-Railway Company. From an order vacating an order requiring plaintiff to give security for costs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry A. Robinson (Charles F. Brown, on the brief), for appellant. Carl Fischer-Hansen, for respondent.

JENKS, J. This order must be reversed. The action in which it is made is brought to recover damages for personal injuries. It was begun by service of summons on June 30, 1900. Thereafter the plaintiff received from the defendant seven successive extensions, affording him 115 days to serve the complaint. The complaint was served, and before the expiration of the 20 days within which defendant might answer, and before answering, the defendant obtained an order, ex parte, requiring plaintiff to file security for costs. Upon motion and notice the special term subsequently vacated said order for laches, and from the order of vacation this appeal is taken. The order was the defendant's absolute right, unless laches precluded it. Healy v. Railway Co., 1 Civ. Proc. R. 15; Morpie v. Brass Co. (Super. N. Y.) 18 N. Y. Supp. 207; Churchman v. Merritt, 50 Hun, 270, 2 N. Y. Supp. 843; Hand v. Shaw, 13 Misc. Rep. 143, 34 N. Y. Supp. 115. In Gedney v. Purdy, 47 N. Y. 676, the court of appeals held that the motion might be made at any time; but the trend of more recent authorities is that it must be made promptly, else the motion is

addressed to the sound discretion of the court. While there is no hard and fast rule as to what constitutes laches, yet I am referred to no case where the laches was held sufficient to authorize the denial of the motion where the application was made before even obtaining time to plead in answer. Several cases are cited by the learned counsel for the respondent. In Goodrich v. Pendleton, 3 Johns. Ch. 520, it appeared that the defendant had first put in a plea of the statute of limitations, which had been argued and overruled; and the chancellor said that the defendant waives if he takes any step in the cause, or even prays time to answer. In Sims v. Bonner (Super. N. Y.) 16 N. Y. Supp. 800, the defendant appeared on January 7, 1890, the time to serve the complaint was extended until May 9, 1891, and the defendant's time to answer was extended until August 1, 1891, while the order to show cause why security should not be filed was obtained on July 24, 1891, and the hearing thereon had on August 7, 1891. In Stevenson v. Railroad Co., 49 Hun, 169, 1 N. Y. Supp. 670, the action was commenced on November 25, 1887. On the following 14th of December the defendant obtained an extension of time, and the answer was served on January 3, 1888, and not until the 16th of that month was any application made for the filing of security. In Buckley v. Manufacturing Co., 3 Civ. Proc. R. 431, defendant's time to answer was twice extended ten days by consent, and three days after the service of the answer the order for the filing of security was obtained ex parte. Carpenter v. Aldrich, 3 Metc. (Mass.) 58, concerned a writ, and a motion made that the action should be dismissed as not properly indorsed was denied because made after the first term. Shaw, C. J., said that the provision was made for the benefit of the plaintiff, and therefore he might waive it, and, if unreasonable in his objection, he would be held to waive it. The authority which he cites is that one who might avail himself of a violation of an injunction waived it by pleading to the merits. Ripley v. Warren, 2 Pick. 592. I have now reviewed all the cases cited. The appellate division of the First department has recently held (December, 1900), in Johnson v. Railway Co., 67 N. Y. Supp. 855, where the action was begun on August 7th, the complaint served on September 29th, defendant's time to answer extended on October 17th for 15 days, the order for security procured on October 26th before answer, and the answer was served on October 30th, that an order of the special term vacating the order on the ground of laches should be reversed. The case at bar is stronger, in that defendant had not obtained even an extension of time to answer. The plaintiff alone is responsible for all delay in the prosecution of the case, and now would turn the grace of the defendant into its fault. From the service of the summons to the service of the complaint nothing was required of the defendant, and its failure to move, under the circumstances, should not be raised against it. The defendant acted promptly upon service of the complaint, and its first act was to require the security afforded by the Code of Civil Procedure.

Order reversed, with $10 costs and disbursements. All concur.