(37 Misc. Rep. 510.)

## DUNAWAY v. TERRY et al.

(Supreme Court, Special Term, New York County. March, 1902.)

1. SECURITY FOR COSTS—WAIVER.
    The right of a defendant to compel a nonresident plaintiff to give security for costs is waived unless asserted before service of the answer.
2. SAME—EXCUSE FOR DELAY.
    To entitle defendant to security for costs of nonresident plaintiff after answer, he must show a sufficient excuse for his delay in application.
8. SAME—VACATION OF ORDER.
    Though defendant has been guilty of laches in securing an order on a nonresident plaintiff to file security for costs, the application will not be vacated where plaintiff has been guilty of laches in moving to vacate the same.

Action by John E. Dunaway against Edward F. Terry and others. Motion to vacate an order requiring security for costs denied.

Hyland & Zabriskie, for plaintiff.
Nadal, Smyth, Carrère & Trafford, for defendants.

GILDERSLEEVE, J. The motion is made by the plaintiff to vacate an order, obtained ex parte, requiring the plaintiff to give security for costs, on the ground of nonresidence. This motion is based on the claim that the defendants have been guilty of laches in making their demand for such security. The rule is well settled that the absolute right of a defendant to compel a nonresident plaintiff to give security for costs is waived unless it is asserted before answer, and an application to compel such plaintiff to give security for costs, which is made after the service of the answer, is addressed to the discretion of the court, and some fact must be shown which furnishes a sufficient excuse for the delay on the part of the defendant in making the application. See Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351; Segal v. Cauldwell, 22 App. Div. 95, 47 N. Y. Supp. 839. There is no well-defined

rule as to what constitutes a sufficient excuse for laches in such cases. The excuse offered by defendants is that neither they nor their attorneys knew of the nonresidence of the plaintiff until about March 1, 1902. The order requiring security was obtained on March 6, 1902. The case had been twice on the day calendar previous to the application for the order requiring security, and it appeared again on said calendar on the day following the service of a copy of said order, but the trial was stayed by said order. During the long period between the joinder of issue, on or about August 25, 1899,. and March 1, 1902, the defendants and their attorneys do not appear to have taken any steps to ascertain whether or not the plaintiff was a nonresident. It appears from plaintiff's affidavit that he was a resident of this city until June, 1900, when he removed to· Newark, N. J., where he has since resided. At any time since June, 1900, the defendants or their attorneys could have ascertained the residence of plaintiff by asking plaintiff's attorneys. See Baur v. Betz, 1 How. Prac. (N. S.) 344. It would seem, therefore, that the excuse offered by defendants for their laches is not altogether satisfactory. However, the plaintiff also appears to have been too slow in making this motion to vacate the order requiring security for costs. The order was made on March 6, 1902, and a copy was served the same day on plaintiff's attorneys. The order required the security to be given within 10 days after service upon plaintiff's attorneys of a copy of the order. The plaintiff's time, therefore, to· comply with the requirements of the order expired on or about March 16, 1902. The plaintiff did not so comply with the directions of the court, but on March 18, 1902, gave notice of this motion to vacate the said order for security. It would appear, therefore, that plaintiff was in a technical contempt of court at the time he made this motion. He is hardly in a position to raise the point of laches on the part of defendants. The mere fact that the said order contained a provision that unless, within the 10 days, plaintiff complied with the directions thereof, all his proceedings should be stayed, except to vacate the order, does not alter the case. This stay is merely by way of punishment for not obeying the order of the court, while, at the same time, the plaintiff was given an opportunity to excuse his disobedience, and show that the order was improperly granted on his motion to vacate the same. No excuse is given for plaintiff's delay. I think, under the circumstances disclosed, this motion should be denied, with $10 costs to abide the· event.

Motion denied, with $10 costs to abide event.