AMPEL v. SEIFERT et al.

(Supreme Court, Appellate Term. January 7, 1904.)

1. COSTS—SECURITY—APPLICATION—TIME.

An application for security for costs must be made before answer, as a matter of right, or after answer, appealing to the court's discretion, must be made promptly, after the discovery of facts, which satisfactorily explain why it was not made before answer.

Appeal from Special Term.

Action by Efriam Ampel against Wolf Seifert and another. From an order denying a motion to vacate an order directing plaintiff to deposit or file security for costs, plaintiff appeals. Reversed.

See 84 N. Y. Supp. 122.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Henry Kuntz, for appellant.

Kenneson, Crain, Emley & Rubino, for respondents.

PER CURIAM. It is well settled that an application for security for costs must be made before answer as a matter of right, or, after answer, appealing to the court's discretion, must be made promptly after the discovery of facts, which satisfactorily explains why it was not made before answer. Segal v. Cauldwell, 22 App. Div. 95, 47 N. Y. Supp. 839; Henderson v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351. Assuming that the defendants did not discover plaintiff's nonresidence until the trial on March 16, 1903, no excuse is even sug-

¶ 1. See Costs, vol. 13, Cent. Dig. § 466.

gested for delaying the application for security until the middle of September, 1903.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.