(98 App. Div. 283)

GIBBONS v. BUSH CO., Limited.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. COSTS—SECURITY—IMPRISONMENT FOR CRIME—LACHES.

Suit was brought by service of a process without a complaint on October 15, 1902. Defendant appeared and the complaint was served on December 27, 1902. Defendant obtained successive extensions of time to answer until July 15, 1904, when a motion for security for costs, under Code Civ. Proc. § 3268, subd. 3, on the ground that when the action was commenced plaintiff was imprisoned for crime, was noticed June 25, 1904,

and was heard five days thereafter. Meanwhile plaintiff, who had been sentenced to imprisonment for forgery in March, 1902, had served his term and been discharged. *Held*, that plaintiff was guilty of such laches in applying for the order as to preclude such relief.

Appeal from Special Term, Kings County.

Action by Richard Gibbons, as surviving partner of the firm of Michael Gibbons & Son, against the Bush Company, Limited. From an order denying a motion to compel plaintiff to give security for costs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Dean Emery, for appellant.
George W. McKenzie, for respondent.

WILLARD BARTLETT, J. This was an application to compel the plaintiff to give security for costs on the ground that when the action was commenced he was imprisoned under execution for a crime. Code Civ. Proc. § 3268, subd. 3. The allegation of imprisonment upon a criminal execution is not disputed, although it appears that the plaintiff had been discharged from custody before the motion was made. The application was opposed on two grounds: (1) That section 3268 of the Code does not apply to a plaintiff suing as a surviving partner; and (2) that the defendant was chargeable with laches in waiting to move 20 months after the action had been commenced, and until the plaintiff had been released from imprisonment.

While it is doubtful whether security for costs may be required as matter of right from a plaintiff who sues as the survivor of a copartnership, it is not necessary to determine that question upon this appeal, inasmuch as it seems to us that the motion was properly denied on the ground of laches. The action was commenced by the service of a summons without a complaint on October 15, 1902. The defendant appeared and the complaint was served on December 27, 1902. The defendant obtained successive extensions of its time to answer until July 15, 1904. The motion for security for costs was not noticed until June 25, 1904. It was heard and determined five days later. Meantime the plaintiff, who was sentenced to imprisonment for forgery in March, 1902, had served his term and been discharged from the state prison. The settled practice of our courts in regard to security for costs requires that the motion must be made at the first opportunity. Stevenson v. N. Y., L. E. & W. R. R. Co., 49 Hun, 169, 1 N. Y. Supp. 670. The defendant delayed this application about 20 months after the commencement of the action and about 18 months after the service of the complaint. No sufficient reason is given for this long delay. Under the circumstances it was discretionary with the court below to grant or deny the motion, and we are not disposed to interfere with the exercise of its discretion. Sims v. Bonner (Super. N. Y.) 16 N. Y. Supp. 800.

The appellant argues that any application for security for costs under section 3268 of the Code of Civil Procedure, made before the answer, should be held to be timely, and in support of this proposition refers to the rule prevailing in the First Department that the defendant's absolute right to compel a plaintiff to give security for costs is waived un-

less it is asserted before answer. Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351. It is to be observed, however, that this rule does not go so far as to hold that an application for security must be deemed seasonable in every case where it is made before the time to answer has expired. It seems to us that the delay may well be deemed unreasonable when it has lasted a year and a half, during which the defendant's time to answer has repeatedly been enlarged by successive stipulations, as in the case at bar, and when the condition which would have entitled the defendant to security, if he had moved promptly, no longer exists. The case is clearly distinguishable from Cooke v. Metropolitan Street Railway Co., 59 App. Div. 154, 69 N. Y. Supp. 4, where the defendant's motion for security for costs was made before the expiration of 20 days after the actual service of the complaint. We think there should be an affirmance of the order on the ground of laches.

Order affirmed, with $10 costs and disbursements. All concur.