(52 Misc. Rep. 633)

CANNON v. NEW YORK CITY RY. CO.

(Supreme Court, Special Term, New York County.   February, 1907.)

1. COSTS—SECURITY FOR COSTS—NONRESIDENT PLAINTIFF.

   The absolute right of a defendant to compel a nonresident plaintiff to give security for costs is waived, unless asserted before answer.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 463, 466.]

2. SAME—APPLICATION.

   Where an application for an order on a nonresident plaintiff to give security for costs was made after service of answer by defendant, and did not show that he had no knowledge of plaintiff's nonresidence when the action was commenced, the order made without notice to plaintiff should be vacated.

Action by Margaret Cannon against the New York City Railway Company.   Motion to vacate order requiring plaintiff to give security for costs.   Motion granted.

Frank A. Acer, for plaintiff.

J. L. Quackenbush, for defendant.

LEVENTRITT, J.   The absolute right of a defendant to compel a nonresident plaintiff to give security for costs is waived unless asserted before answer.   An application made after the service of the answer is addressed to the discretion of the court, and then the defendant is required to show facts to excuse the delay in making it. Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351; Corbett v. Brantingham, 65 App. Div. 335, 72 N. Y. Supp. 763.   In the affidavits upon which the order requiring security in this action was based the proof of the plaintiff's nonresidence is limited to the affidavit of one of the employés of the defendant's attorney, who swears:

"That on the 14th day of December, 1906, while in the course of such employment, he went to West New York, N. J., for the purpose of locating the above-named plaintiff.   That he did then locate the said plaintiff in said West New York, N. J., and she informed deponent that she was the plaintiff in this action, * * * and stated that she resided in the town of West New York, N. J."

Irrespective of the failure to excuse the delay since December 14, 1906, and of the fact that no application for security for costs was made until after the cause had been sent from the call to the day calendar for trial, the affidavits on which the order was made contain nothing tending to show that the defendant did not know of the plaintiff's nonresidence in 1904, when the action was commenced.   For aught that appears to the contrary, the defendant has waived, not only its absolute right, but its right to the exercise in its favor of the court's discretion.   The papers upon which the order was founded are insufficient, and the motion to vacate must be granted.   It may be well to note that in this department it has been held to be much the better practice, where security is not demanded until after answer, that a motion be made upon notice.   Corbett v. Brantingham, supra.

Motion granted, with $10 costs.