(54 Misc. Rep. 51.)

## KNAGGS v. EASTON.

(City Court of New York, Special Term. January, 1907.)

1. Costs—Security—Motion—Time.

A motion to require plaintiff to give security for costs on the ground that he is a nonresident, as authorized by Code Civ. Proc. § 3268, will not be granted as a matter of right, where the application is not made until after answer, but will then be granted in the discretion of the court, where a sufficient excuse for the delay is shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 463, 466, 467.]

2. Same—Evidence.

A complaint alleged that plaintiff was doing business in London, but did not show that he was a nonresident, and defendant's affidavit for security for costs after answer alleged that the failure to make demand before answer was due to defendant's attorney being absent from the state attending the funeral of a near relative, and to the fact that he was engaged in another city on important professional business for several days subsequent to the serving of the answer; that a written demand was made five days after service of the answer for security for costs, and seven days later an ex parte order requiring security was obtained, which was subsequently vacated on technical grounds, with leave to renew on additional papers, and on the same day the application in question was made on an order to show cause. Held, that such facts sufficiently excused defendant's delay.

Action by William Knaggs against William Easton. On motion to require plaintiff to give security for costs. Granted.

A. L. Fullman, for plaintiff.
J. Aspenwall Hodge, for defendant.

WADHAMS, J. Motion is made to require plaintiff to give security for costs, pursuant to section 3268 of the Code of Civil Procedure, on the ground that he is a nonresident. The answer has already been served. In the Third department it has been held that the absolute right to apply for security for costs is not lost by the mere fact that the answer has been served before such application. Wicker v. Village of Elmira Heights, 42 App. Div. 426, 59 N. Y. Supp. 130. This is not the rule in the First and Second departments, where it is now definitely established that the defendant's absolute right to compel a nonresident plaintiff to give security for costs is waived unless it is asserted before answer, but the court may in its discretion grant an order requiring such security after the answer is served, where an excuse for the delay is shown. Segal v. Cauldwell, 22 App. Div. 95, 47 N. Y. Supp. 839; Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351; Johnson v. Met. St. Ry., 56 App. Div. 286, 67 N. Y. Supp. 855; Corbett v. Brantingham, 65 App. Div. 335, 72 N. Y. Supp. 763; Kelley v. Kremer, 74 App. Div. 456, 77 N. Y. Supp. 515. This rule was applied in this court in Dwyer v. McLaughlin, 27 Misc. Rep. 187, 57 N. Y. Supp. 220. Mr. Justice Barrett, in Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351, says:

"The rule with us is that the defendants' absolute right to compel a nonresident plaintiff to give security for costs is waived unless it is asserted before answer. A subsequent application is addressed to the discretion of the court, and some fact must be shown to excuse the delay in making it."

The plaintiff contends that no fact has been shown which will excuse the delay. He cites Schwartz v. Scott, 35 N. Y. Supp. 607, Stevenson v. N. Y., Lake Erie & Western R. R., 49 Hun, 169, 1 N. Y. Supp. 670, and Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351, in support of his contention. In the Schwartz and Stevenson Cases the applications were made ex parte and after answer as a matter of right. Under the rule in this department the defendant is not entitled to apply ex parte as a matter of absolute right for the order. Kelley v. Kremer, 74 App. Div. 456, 77 N. Y. Supp. 515. The motion before me is not so made, but is addressed to the discretion of the court upon notice. Moreover, in those cases there were no facts present to excuse the delay. In the Schwartz Case Mr. Justice Beekman said:

"I am not to be understood as taking the position that the court cannot require security for costs, even after answer, in a case where the delay in moving was excusable. No facts, however, are presented upon this motion disclosing any reason whatsoever why the motion was not more promptly made."

In the Stevenson Case there was a conflict of evidence as to the residence of the plaintiff, and the defendant failed to present any evidence to overcome his laches. In the Henderson Case the court said:

"The defendants answered and noticed the case for trial without moving for security. That ended their absolute right. They might still have appealed to the discretion of the court, upon showing some fact for excusing the delay in

moving. Having shown no such fact, but relying solely upon what they conceived to be their absolute right, their application should have been denied. There was nothing presented upon which the discretion of the court could have been exercised."

The rule of this department that the laches in applying may be excused is thus well defined. The real difficulty is expressed by Mr. Justice Gildersleeve in Dunaway v. Terry, 37 Misc. Rep. 510, 511, 75 N. Y. Supp. 974, where he says:

"There is no well-defined rule as to what constitutes a sufficient excuse for laches in such cases."

In the absence of a rule, this court is only required to make such disposition as under the circumstances seems reasonable. The fact of the nonresidence is not disputed. The complaint, although it alleges that plaintiff was at all the times therein mentioned doing business in the city of London, does not show that plaintiff was a nonresident, and the moving affidavit alleges that such fact was subsequently learned. The failure to make demand before the answer was served is explained by the fact that defendant's attorney was without the state for a week immediately preceding the time the answer was served, at the deathbed and funeral of a near relative. For several days subsequent to serving the answer he was engaged in Albany upon important business of a professional nature. A written demand was made five days after service of the answer, and seven days later an ex parte order requiring security for costs was obtained, which was subsequently vacated on technical grounds, with leave to renew upon additional papers, and on the same day this application was made on an order to show cause. The facts presented are, in my opinion, amply sufficient to excuse the delay.

Motion granted.