Judgment of foreclosure and sale for plaintiff.

---

GAETANO TEDESCHI, Plaintiff, *v.* ANTONIO BACIGALUPO and JOSEPH BACIGALUPO, Doing Business as A. BACIGALUPO & SON, Defendants.

(County Court, Nassau County, February, 1915.)

Security for costs — what sufficient excuse for not moving for — when court may grant order requiring security for costs to be given — when waived — Code Civ. Pro., § 3268 (1).

Under section 3268(1) of the Code of Civil Procedure the right of a defendant in an action brought in a County Court, except in certain counties, by one residing without the county, to require security for costs, though absolute, may be waived by laches.

Where with an answer defendant's attorneys served a written demand for plaintiff's address and, receiving no reply, after the lapse of twenty days repeated said demand in a letter stating that if such demand was not complied with a motion would be

made for an order, their want of knowledge of plaintiff's address is a sufficient excuse for not moving for security for costs before service of the answer.

The court may in its discretion grant an order requiring security for costs to be given even after the service of the answer when a reasonable excuse for delay is shown.

MOTION for security for costs.

Maxson & Jones (Henry L. Maxson, of counsel), for motion.

Charles J. Ryan, opposed.

NIEMANN, J. The defendants move for security for costs. This action was brought to recover three hundred dollars damages for the alleged negligent killing of plaintiff's horse by the defendants' automobile truck. The accident occurred in the borough of Brooklyn.

The summons and complaint were served on the defendants on the 21st day of November, 1914, and the defendants' answer was served on December 9, 1914. The affidavit and the notice of motion for an order requiring security for costs were served by the defendants' attorneys on January 18, 1915.

The motion is made under section 3268, subdivision 1, of the Code of Civil Procedure, which provides that if the action is brought in a county court except in the counties of Albany, Kings, Queens, Rensselaer and Richmond, by a person residing without the county, the defendant may require security for costs to be given. The right to security is absolute (Code Civil Pro., § 3272), but may be waived through laches in moving. *Segal* v. *Cauldwell,* 22 App. Div. 95; *Henderson, Hull & Co.* v. *McNally,* 33 id. 132; *Johnson* v. *Metropolitan St. R. Co.,* 56 id. 286; *Cooke* v. *Met-*

*ropolitan St. R. Co.,* 59 id. 154; *Corbett* v. *Brantingham,* 65 id. 335; *Kelley* v. *Kremer,* 74 id. 456; *Gibbons* v. *Bush Co., Ltd.,* 98 id. 283; *Bender* v. *Paulus,* 109 id. 149; *Fabrik Schillerscher* v. *Nease,* 117 id. 379; *Dwyer* v. *McLaughlin,* 27 Misc. Rep. 187; *Dunaway* v. *Terry,* 37 id. 510; *Knaggs* v. *Easton,* 54 id. 51; *Denison* v. *Denison,* 85 id. 498; *Schwartz* v. *Scott,* 70 N. Y. St. Repr. 380; *Nimcke* v. *New York Evening Journal Pub. Co.,* 133 N. Y. Supp. 1075. It is stated in the affidavit of defendants' attorneys, upon which the notice of motion is based, that when this action was commenced the plaintiff was, and ever since has been, a nonresident of the county of Nassau and was and still is a resident of the borough of Brooklyn, New York city, and such nonresidence is admitted in the plaintiff's opposing papers.

The plaintiff claims that the defendants' right to security has been lost through not moving until after issue was joined.

As an excuse for not moving before serving their answer the defendants allege in the affidavit of the defendant Joseph Bacigalupo, submitted on this motion, that they did not know where the plaintiff resided at the time of the commencement of this action, or at any time subsequent thereto, until they were informed by Henry L. Maxson, one of their attorneys, subsequently to the service of the defendants' answer herein, that the plaintiff was a resident of the borough of Brooklyn, New York city.

Correspondence which has been submitted upon this motion shows that the defendants' attorneys served upon plaintiff's attorney, with the answer herein, on December 9, 1914, a written demand for plaintiff's address, and, receiving no reply, again on December 29, 1914, repeated said demand in a letter dated on said day, stating that if such demand was not complied with

they would apply to the court for an order with costs, whereupon on January 2, 1915, plaintiff's attorney supplied the information as to the plaintiff's address in a letter addressed to the defendants' attorneys under said date, and thereupon the defendants' attorneys prepared their papers upon this motion and served same upon the plaintiff's attorney.

As said by Mr. Justice Gildersleeve, in *Dunaway* v. *Terry,* 37 Misc. Rep. 510, 511: "There is no well defined rule as to what constitutes a sufficient excuse for laches in such cases.   Each case must be disposed of in such manner as seems fair and reasonable upon the facts presented."

The delay of the defendants in moving was due to their want of knowledge of the plaintiff's residence and their desire to make sure of the fact before making a motion for security.

It is well settled that the court may in its discretion grant an order requiring such security even after the service of the answer when a reasonable excuse for the delay is shown; and want of knowledge of the plaintiff's address has been held a sufficient excuse.   *Corbett* v. *Brantingham, supra.*

Under the circumstances disclosed by the papers I find that the defendants have not been guilty of such laches as would preclude them absolute right of security.   The motion is therefore granted, without costs.

Motion granted, without costs.