pected to turn the money over to them. But with the deposit belonging to her she died, and it seems clear that the fund in the Williamsburgh Savings Bank belonged to her estate, and not to the heirs of Lillie M. Lahey. No title to the original deposit ever vested in Mrs. Lahey, and it is difficult to see how any title could flow to her heirs.

The decree of the Surrogate's Court should be reversed, with costs.

JENKS, RICH, and MILLER, JJ., concur. HIRSCHBERG, P. J., dissents.

---

(107 App. Div. 293.)

DI STEFENO v. PEEKSKILL LIGHTING & R. CO.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

1. MASTER AND SERVANT—EMPLOYER'S LIABILITY ACT—ASSUMPTION OF RISK —QUESTION FOR JURY.

Employer's Liability Act, Laws 1902, p. 1750, c. 600, § 3, provides that an employé, by entering on or continuing in the service of an employer, shall be presumed to have assented to only the necessary risks, and that the fact that an employé continued in the service after discovery of danger shall not be considered as an assent by him to the risk of injury therefrom. An employé, breaking stone in a quarry, was injured, by reason of the explosion of dynamite left in the stone, prior to the accident, after striking the stone. He informed the foreman that he was afraid to break the stone, because powder might have been left there. The foreman examined the stone, assured the employé that it was safe, and directed him where to strike. The employé obeyed, and an explosion occurred. Held, that the question of the employé's assumption of risk was for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 557, 1071–1084.]

2. SAME—NEGLIGENCE OF MASTER—EVIDENCE—QUESTION FOR JURY.

Evidence in an action for injuries received by an employé while breaking stone in a quarry, by reason of the explosion of dynamite, examined, and held to require the submission to the jury of the question of the master's negligence.

3. SAME—FELLOW SERVANTS.

Where, in an action for injuries received by an employé while breaking stone in a quarry, by the explosion of dynamite left in a stone, it was shown that prior to the accident the person in charge of the work for the master examined the stone, assured the employé that it was free from dynamite, and directed him where to strike, such person was not, as a matter of law, the employé's fellow servant.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 491, 1062–1066.]

Appeal from Trial Term, Westchester County.

Action by Martino Di Stefeno against the Peekskill Lighting & Railroad Company. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Frank L. Young, for appellant.
Nathan P. Bushnell, for respondent.

HIRSCHBERG, P. J.   The plaintiff sues, by virtue of the provisions of the employer's liability act (chapter 600, p. 1748, Laws 1902), to recover damages for the loss of his leg, by reason of injuries sustained while he was engaged as a laborer in the defendant's quarry.   He was breaking a piece of stone with a sledge hammer, under the express orders and direction of the defendant's foreman, then apparently in sole charge of the work, and a piece of dynamite, which had been carelessly left in the stone, exploded from a blow of the plaintiff's hammer, and inflicted the injuries referred to.   The learned trial justice based the dismissal of the complaint on the grounds "that the accident was occasioned through a risk of his [the plaintiff's] employment, and that he [the plaintiff] had failed to show any negligence on the part of the defendant."

The only question for review is the soundness of this ruling.

It seems clear that the question of assumption of risk was for the jury, and could not be properly disposed of as one of law.   The plaintiff had nothing to do with the work of blasting, but was employed only to break up the fragments of stone which remained after the larger rock had been blasted by other workmen with the use of dynamite.   The accident occurred on Monday morning; the rock, of which the piece handled by the plaintiff was a fragment, having been blasted the previous Saturday.   The plaintiff testified that he knew nothing of the qualities of dynamite, that he did not know that there was a charge of dynamite in the stone, and that he did not know that if such a charge was in the stone it would be likely to explode under the blow of a sledge hammer.   He further testified that on first striking the stone he heard a noise like a gunshot, which caused him some fear that there might be some powder left in the stone, and he accordingly ceased working on it; but he afterwards told the foreman he was afraid to break the stone on that account, whereupon the foreman personally examined it, and assured him that there was no danger.   He testified on cross-examination as follows:

"When I told the boys how this shot went off, the boys came along, and then they cleaned the stone and said: 'What is the use of being afraid about it? Hit over there.'   I was afraid that the stone would explode.   I was not afraid to break the stone, but I was afraid the noise made in the morning when I struck the first, and make that sound like a gunshot.   That is what I was afraid of, but I don't know what was in it.   I was afraid that there was some powder there left, and then, of course, I didn't want to hit the stone anymore; but when this Louis came along, my boss, he brushed the stone with his hands, and he said: 'Nothing the matter with this stone.   Hit here.'   And then, of course, I had to do it."

The plaintiff struck the stone in obedience to the orders so received, and at the place indicated, and the explosion immediately followed.   Whether at common law he would have been regarded, in the circumstances, as assuming the risk of what occurred as matter of law, need not be determined, in view of the provisions of section 3 of the act under which the suit is brought.   It is therein provided, in substance, that an employé, by entering upon or continuing in the service of an employer, shall be presumed to have assented to only the necessary risks of the occupation; that such risks shall include

only those inherent in the nature of the business, which remain after the employer has exercised due care in providing for the employé's safety; that in an action for injuries received, owing to any cause for which the employer would otherwise be liable, the fact that the employé continued in the service after the discovery of danger of personal injury therefrom, shall not, as a matter of law, be considered as an assent by such employé to the existence or continuance of the risk of personal injury therefrom; and that the question whether the employé understood and assumed the risk of such injury shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence.    I think these provisions make the question under consideration clearly one for the jury's determination.    It cannot be pretended that in the process of shattering rock by dynamite, the existence of an unexploded charge is an inherent and necessary risk, where due care has been exercised in the performance of the work, and in the inspection of the result.    Nor is the special assurance of the foreman to the plaintiff that there was absolutely no risk a matter to be lost sight of in this connection.    The foreman was apparently the only person on the work who was intrusted by the defendant with the duty of, and who was engaged in exercising superintendence over, the work, and quite independently of what the plaintiff may or may not have known of the nature of explosives. It is not incredible that he should accept the assurance of a foreman and superintendent, after an examination of the stone, that there was no danger in continuing his work upon it.    The plaintiff cannot be logically regarded as having assumed the risk of a particular danger, when he only consented to work upon the confident and apparently well-justified assurance of one in authority that the danger did not in fact exist.    The case is presented practically on his evidence alone, so far as regards this question, and it is obvious from his statement that he refused to assume the risk of the presence of explosives in the stone, and that he was only induced to continue his work by positive orders, coupled with authoritative assurance that his apprehension of danger was groundless.

There was some evidence of negligence on the defendant's part. The plaintiff produced a witness (hostile to him, as the learned trial justice perceived and stated), who testified to facts from which the jury might have concluded that the foreman either knew, or in the exercise of ordinary care would have known, that there was one stick of unexploded dynamite in the stone.    The witness testified that three sticks had been placed in the stone originally, and that he took one out and the foreman another, leaving the third one in.    It is true that he also stated that he told the plaintiff that the third stick had been left in; but the jury might not have believed that part of his evidence, in the face of the plaintiff's denial, while giving full credence to the remainder of his testimony.    The result would have furnished a reasonable foundation for the conclusion that the foreman or superintendent had been heedless and negligent, first, in not seeing that all the dynamite was taken out before a workman was

directed to crack the stone; and afterwards, when his attention was called to the fact that the presence of dynamite was still suspected, in not thoroughly verifying the fact before giving positive orders based on a contrary assumption. He certainly knew that the blasting charge had not been completely fired, and yet gave the peremptory order which resulted in the plaintiff's injury with that knowledge, and presumably with full knowledge of the risk to the plaintiff which the fact necessarily entailed. The case was tried on the theory that he was the defendant's superintendent or acting superintendent, and, if so, his negligence in this instance is chargeable to the defendant. Employer's Liability Act, § 1, subd. 2. His examination of the stone, in view of his position and special skill, cannot be deemed as matter of law to be a mere detail of the work; nor can his negligence in the respects charged, if established, be deemed as matter of law to be that of a fellow servant of the plaintiff. Schermerhorn v. Glens Falls Cement Co., 94 App. Div. 600, 88 N. Y. Supp. 407; Welle v. Celluloid Co., 175 N. Y. 401, 405, 67 N. E. 609; McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.