DI STEFANO v. PEEKSKILL LIGHTING & R. CO.

(Supreme Court, Appellate Division, Second Department.   March 8, 1912.)

1. COSTS (§ 112*)—SECURITY FOR PAYMENT—TIME FOR APPLICATION.
   The rule that an application for security must be made promptly does
   not apply in strictness, where the delay is the result of a mutual under-
   standing between the parties.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463–468; Dec. Dig.
   § 112.*]

2. COSTS (§ 118*)—ORDER AS TO SECURITY—AMOUNT—STATUTORY PROVISIONS.
   Under Code Civ. Proc. §§ 3272, 3273, which provide that the amount
   directed to be paid into court as security for costs shall be the sum of
   $250 only, and that the undertaking in lieu thereof shall be conditioned
   in a sum of at least that amount, an order requiring plaintiff to pay into
   court the sum of $500 as security, or file an undertaking in the same
   amount, was irregular and unauthorized.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 477, 478; Dec. Dig.
   § 118.*]

Appeal from Special Term, Westchester County.

Action by Martino Di Stefano against the Peekskill Lighting &
Railroad Company.   From an order of the Supreme Court, vacating
an order requiring the plaintiff to give security for costs, defendant
appeals.   Affirmed without prejudice to a timely renewal of the appli-
cation on notice.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
THOMAS, and CARR, JJ.

Nathan P. Bushnell, for appellant.
Frank L. Young, for respondent.

HIRSCHBERG, J.   The action is for negligence, brought by a
servant in the employ of the defendant.   At the time of the com-
mencement of the action the plaintiff was a resident of the county of
Westchester, where the venue is laid.   The case was tried on the 9th
day of March, 1904, and resulted in a nonsuit.   On appeal to this
court, the judgment was reversed and a new trial granted.   See Di
Stefano v. Peekskill Lighting & R. R. Co., 107 App. Div. 293, 95 N.
Y. Supp. 179.   Before that decision was rendered, the plaintiff left
the state of New York and returned to Italy, the place of his nativity.
The plaintiff's attorney learned of his client's departure in the fall
of 1905, and promptly notified the attorney for the defendant of the
fact.   Since that time nothing has been done by either side in the suit,
it being substantially agreed between them that the matter should re-
main dormant until the plaintiff returned to this state.   Plaintiff's
attorney learned in August, 1911, that the plaintiff was about to re-
turn to this state, and he thereupon communicated with the defend-
ant's attorney, informing him of that fact.   The defendant thereupon
procured an ex parte order requiring the plaintiff to pay into court
the sum of $500 as security for the costs in the action, or at his elec-
tion to file an undertaking in the same amount.   On motion of the
plaintiff, and on affidavits stating fully the history of the litigation as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

herein set forth, the order appealed from was granted by the same learned justice who made the ex parte order, vacating the latter order.

[1] The main ground asserted in support of the order appealed from is that the defendant was guilty of laches in the long delay and thereby lost all right to require security. The authorities are numerous in support of the proposition that an application for security must be made promptly. I do not think, however, that the rule can be made to apply in strictness where the delay is the result of a mutual understanding between the parties. See Cooke v. Metropolitan Street R. Co., 59 App. Div. 154, 69 N. Y. Supp. 4.

[2] This view would lead to a reversal of the order, but for the fact that the original order requiring the security was irregular, in that the amount required was double that authorized by Code of Civil Procedure, §§ 3272 and 3273. Those sections provide that the amount directed to be paid into court shall be the sum of $250 only, and that the undertaking in lieu thereof shall be conditioned in a sum of at least that amount, the maximum amount to be obviously in the discretion of the court.

In view of the irregularity of the order vacated, the order appealed from should be affirmed, without costs, but without prejudice to a timely renewal of the application for security on notice. All concur.