JAMES C. WOOD, APPELLANT, *v.* MARY G. BLODGETT AND ANOTHER, AS ADMINISTRATORS, RESPONDENTS.

*Security for costs by a non-resident plaintiff — ex parte application for an order therefor, when proper — notice, when required — security required for the costs of an appeal — laches — waiver of the right to demand security.*

In an action an order was made on the *ex parte* application of the defendant, upon due proof being made of the necessary facts entitling defendant to such order, that the plaintiff, a non-resident of the State, give security for costs, as provided in section 3268 of the Code of Civil Procedure.

*Held*, that the plaintiff was not entitled, under section 3272 of the Code of Civil Procedure, to notice of the application, it having been founded upon sufficient proof of the facts entitling the defendant thereto.

That where the application is based upon the provisions of section 3271, notice of motion is required and the application must be made to the court.

It was claimed that the defendant had waived his right to demand security for costs by proceeding to the trial of the action without previously demanding such security.

*Held*, that the right to demand security for costs of a non-resident plaintiff was an absolute one and did not rest in the discretion of the court.

That such right might be lost by the defendant's laches, but if the delay was excused the court might at any time before judgment require the security to be given.

That the appeal was the commencement of a new proceeding in an action, after its determination by the rendition of a final judgment, and was a distinct proceeding from that which resulted in the recovery of the judgment.

That the defendant had the right, after judgment in his favor, to demand security for costs on the appeal by the plaintiff, although he had omitted to make any previous demand for the filing of security.

In the order appealed from the plaintiff was required to give security for the costs which had already accrued and those which might be awarded against him.

*Held*, that the court, in its discretion, had the power to require security for the payment of the costs which had already accrued, as well as those that might

thereafter be awarded against plaintiff, but that as to so much of the order as required security for costs before final judgment, it rested in the discretion of the court, under the circumstances of the case, and the plaintiff was entitled to notice of the application, and it was irregular for the court to grant the order in that respect upon an *ex parte* application.

APPEAL by the plaintiff from an order of the Monroe Special Term denying his motion to vacate an *ex parte* chamber order granted by a justice of this court requiring the plaintiff, who became a non-resident of the State after the commencement of the action, to file security for costs as required by sections 3268 and 3272 of the Code of Civil Procedure. At the time the first order was granted judgment had been entered in the defendant's favor on the report of the referee dismissing the plaintiff's complaint, with costs taxed at the sum of $196.84, from which judgment the plaintiff took an appeal.

*J. D. Decker*, for the appellant.

*Shuart & Sutherland*, for the respondents.

BARKER, P. J.:

The defendant, in an action where the plaintiff is a non-resident of the State, may require him to give security for costs as provided in section 3268 of the Code of Civil Procedure. The amount and form of the security is determined by the provisions of section 3272, and the order requiring the security to be given may be granted by the court in which the action is pending, or by a judge thereof, on an *ex parte* application of the defendant, upon due proof being made of the necessary facts entitling the defendant to the same. The language employed in section 3272 is mandatory and admits of no other construction. (*Robertson* v. *Barnum*, 29 Hun, 657; *McDonald* v. *Peet*, 7 Civil Pro. R., 200.) That the plaintiff is not entitled to notice when the application is founded upon the provisions of section 3272, is the construction which has been placed upon this section by the Special Terms and judges at chamber in this department, in which we concur as the correct interpretation. The statute in this respect has changed the general rule of the court requiring all motions brought before the court to be on notice, or an order to show cause, which is but another form of notice. When

the application is based upon the provisions of section 3271 notice of motion is required and the application must be made to the court and all cases founded on the provisions of that section are expressly excepted from the rule of practice as established by the legislature in section 3272, as was held by this court in *Swift* v. *Wheeler* (27 Week. Dig., 512). (See, also, *Ryan* v. *Potter*, 4 Civ. Pro. R., 80.) Each of these sections apply to a different class of cases and should be construed separately and independently.

The plaintiff also contends that the defendant has waived his right to demand security for costs by proceeding to the trial of the action without previously demanding the same. The right of the defendant to demand security for costs of a non-resident plaintiff is an absolute one, not resting in the discretion of the court. (*Robertson* v. *Barnum*, 29 Hun, 657; *Buckley* v. *Gutta Percha etc.*, *Co.*, 3 N. Y. Civ. Pro. R., 429; *Ryan* v. *Potter*, 4 Civ. Pro. R., 80, and note thereto; *McDonald* v. *Peet*, 7 id., 200.)

The defendant may waive his right by laches in not moving with promptness, and for that reason the court may, in a proper case, deny the application, but if the delay is excused the court has the power, at any time before final judgment, to require the plaintiff to file the security required by the statute as a condition to the further prosecution of the action. An appeal is the commencement of a new proceeding in the action after its determination by the rendition of a final judgment, and is distinct from that which resulted in its recovery In *Gifford* v. *Rising* (decided by this court in March, 1888, and reported in 48 Hun, 128) it was held that the defendant had the right to demand security for costs on appeal by the plaintiff after judgment in his favor, although he had omitted to make any previous demand for the filing of security.

In the order appealed from the plaintiff was required to give security for the costs which had already accrued, and for those that might be awarded against him on appeal, and we think, under the statute, the court in its discretion, had the power to require security for the payment of the costs which had already accrued as well as those that might be thereafter awarded against the plaintiff. It was held in *Gedney* v. *Purdy* (47 N. Y., 676), that a court of original jurisdiction may, in its discretion, require a non-resident plaintiff to give security for costs already accrued or entered on the judgment

appealed from, as well as those which should thereafter accrue, or limit the security to the costs that should accrue in the future. The defendant might be willing to take the risk of collecting the costs from a non-resident plaintiff without security up to and including the trial, but not as to future costs which might be awarded against him on appeal.

In this stage of the proceedings the court may require security for the costs which have already, as well as those which may thereafter accrue, but as so much of the order as required security for costs before final judgment rested in the discretion of the court under the circumstances of the case, we think the plaintiff was entitled to notice, and that it was irregular to grant the order in that respect upon an *ex parte* application.

The order appealed from should be reversed, ana the original order modified so as to require security for costs after judgment only, without costs of this appeal to either party.

HAIGHT, BRADLEY and DWIGHT, JJ., concurred.

Order appealed from reversed and original order modified so as to require security for costs after judgment only, without costs of this appeal to either party.