JOHN TURELL, by JOSEPH P. TURELL, his Guardian ad Litem, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

WILSON DEGRAW, by GILBERT DEGRAW, his Guardian ad Litem, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

*Security for costs — laches in applying for — an appeal is a new proceeding — limit of amount.*

The absolute right of the defendant under sections 3268 and 3272 of the Code of Civil Procedure, to require the plaintiff to give security for costs, is waived by a failure to exercise such right until after a trial has been had.

Where a trial of the action has been had, resulting in a judgment dismissing the complaint, the taking of an appeal from the judgment by the plaintiff is the institution of a new proceeding which will entitle the defendant to compel the plaintiff to file security for the costs of the appeal although he has made no previous attempt to exercise such right.

In such a case the court has no power to compel security for costs in a greater amount than the $250 mentioned in section 3272 of the Code of Civil Procedure.

APPEALS by the plaintiff John Turell, by Joseph P. Turell, his guardian ad litem, in the first above-entitled action, and by the plaintiff William Degraw, by Gibert Degraw, his guardian ad litem, in the second above-entitled action, from orders of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Orange on the 20th day of September, 1899, requiring the plaintiffs to give security for costs.

*Thomas Watts,* for the appellants.

*Henry Bacon,* for the respondent.

PER CURIAM:

The facts in each case are similar, except that in the case of Turell three trials have been had, the last resulting in a dismissal of the complaint, while in the case of Degraw there has been but one trial, with the same result. There is also this difference in the orders which have been made: In the first case the order is to file security for all the costs in the action; in the second it is to file security for the costs which may be awarded upon the appeal and for the costs of the action. After the dismissal of the complaints and the entry of judgments thereon the defendant moved to compel

the plaintiffs to file security for costs. These motions have been granted, and these appeals present the question of their propriety. By virtue of sections 3268 and 3272 of the Code of Civil Procedure the plaintiff is required to give security for costs, and the defendant may insist upon the same as a matter of right. (*Wood* v. *Blodgett,* 49 Hun, 64.) The absolute right, however, to compel security for costs to be given is a right which must be promptly exercised by the party entitled thereto. In the first department it has been held (*Henderson, Hull & Co.* v. *McNally,* 33 App. Div. 132) that such right must be exercised before the service of an answer. This view was not adopted by the Appellate Division in the third department (*Wicker* v. *Village of Elmira Heights,* 42 App. Div. 426), where an order compelling the filing of security for costs was supported after answer had been served, the court refusing to follow the decision in the first department. Whether such be the rule or not, the last case does not assume to determine that the right may not be waived by the *laches* of the party. On the contrary, it expressly disclaims any such holding ; otherwise it would not be in harmony with the decisions of the courts in the other departments of the State. (*Robertson* v. *Barnum,* 29 Hun, 657 ; *Gifford* v. *Rising,* 48 id. 128 ; *Wolff* v. *Houston, etc., R. R. Co.,* 16 Civ. Proc. Rep. 107 ; *Wood* v. *Blodgett, supra ; Florence* v. *Bulkley,* 1 Duer, 706.)

In the cases before us the defendant was aware that it was entitled to security for costs when the actions were first brought. It answered and went to trial, in one case three times and in the other once. Within the rule of the cases last cited, this constitutes such *laches* as requires the court to deny to the party the remedy which it seeks. The order, therefore, in the Turell case cannot be sustained ; and that in the Degraw case cannot be sustained so far as it requires security for the costs of the action. There is, however, an existing right of a party to move when a new proceeding is instituted wherein he may become entitled to the benefits of the provisions of the Code. In *Gifford* v. *Rising (supra)* an appeal was held to be such new proceeding, which would give to the party entitled thereto the right to move to compel the filing of security for costs. This was the rule that was in part adopted in the Degraw

case, and such order, to that extent, is, therefore, to be supported;
as it was within the discretion of the court to grant, the prior *laches*
did not preclude the exercise of such power. The court, however,
had no power to compel the filing of security for a greater sum than
$250, as provided by section 3272 of the Code. In the Turell case
this provision has been disregarded, as the order requires security
in a sum not exceeding $500. This is error. . (*Robertson* v. *Bar-
num, supra.*)

It follows that the order in the Turell case should be reversed,
and that in the Degraw case should be modified by striking out the
provision requiring security for the costs of the action, and, as modi-
fied, it should be affirmed.

All concurred.

Orders reversed, with ten dollars costs and disbursements in each
case.