(42 App. Div. 426.)

### WICKER v. VILLAGE OF ELMIRA HEIGHTS.

(Supreme Court, Appellate Division, Third Department.    July 6, 1899.)

1. SECURITY FOR COSTS—AFFIDAVIT.
    An affidavit, on a motion to require plaintiff to file security for costs, stating positively that plaintiff is a nonresident, and that defendant has only recently learned such fact, is sufficient, without stating the sources of plaintiff's knowledge.

2. SAME—APPLICATION.
    Under Code Civ. Proc. § 3272, requiring security for costs by nonresident on proof by affidavit of the facts, defendant is not barred by laches because he fails to apply for the security until after answer filed.

Appeal from special term.

Action by Florence O. D. Wicker against the village of Elmira Heights.    From an order of the special term vacating an order made at chambers requiring plaintiff to file security for costs on the ground that she was a nonresident, defendant appeals.    Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Rockwell & McCann, for appellant.
Judson A. Gibson, for respondent.

PER CURIAM.    The statement in the moving affidavit, that the plaintiff was not a resident of this state when the action was commenced, but was at that time a resident of Chicago, although made by the defendant's attorney, is a positive statement.    It does not assume to be made on information and belief, but is rather in the form of one who speaks from personal knowledge of the fact, and one up-

on which perjury might be predicated if the statement is not true. Neither does the following statement that the defendant, or its attorneys, had only recently learned of that fact, indicate that such nonresidence had been ascertained by hearsay evidence.    Evidently the affiant might recently have met the plaintiff in Chicago, and from her then and there learned the fact.    In the statement of facts upon which it is sought to obtain an attachment, although the affiant states positively as facts matters about which it is evident he could know only by having learned them through the statement of others, the courts will require him to state the sources of his knowledge. Such were the cases to which the respondent's counsel calls our attention to sustain this order, but the rule therein laid down is peculiar to those cases, and should not be extended to a case like this. We are of the opinion that the affidavit was sufficient to sustain the order made at chambers, and that such order should not have been reversed on that ground.    Lacker v. Dreher, 38 App. Div. 75, 55 N. Y. Supp. 979; James v. Richardson, 39 Hun, 399.

The respondent, however, contends that the order at chambers should have been vacated because it was made ex parte.    His argument is that the application to the judge at chambers that the plaintiff file security for costs was not made by defendant until after he had answered; that such delay was laches, which made the granting of the application a matter of discretion with the judge to whom it was made; that an application for an order that rests in the discretion of the judge should always be made upon notice; and hence that the granting of this order, without giving the plaintiff an opportunity to be heard, was irregular and unwarranted.    Is the omission by defendant, until after he has answered, to move that a nonresident plaintiff file security for costs, such laches as will warrant a judge in refusing to grant his application?    May the judge, in his discretion, deny such application, unless a good excuse is made for not sooner applying?    The right to ask security for costs, on the ground that the plaintiff is a nonresident, is given by section 3268 of the Code of Civil Procedure.    By section 3272, when the security is asked upon that ground, it is provided that the court or a judge thereof, "upon due proof, by affidavit, of the facts, must make" the order. There is no limitation whatever as to the time when the application must be made, nor is there any discretion given to the court or judge as to granting it.    It is given as a right whenever the nonresidency of the plaintiff is made to appear.    In this respect, the demand for security, based upon the nonresidency of the plaintiff and upon the other reasons specified in sections 3268 and 3269, is quite different from that based upon the fact that plaintiff is an executor, and upon the other reasons given in section 3271.    In those instances, the application must be made to the court, and may be granted or refused as the court, in its discretion, shall deem best.    There is nothing, therefore, in the statute indicating that it is the defendant's duty to apply for the security before he answers, nor does the reasonable and orderly course of practice seem to require any such rule.    The plaintiff is not prejudiced by the fact that the defendant has answered before he has applied.    On the contrary, it would seem the more rea-

sonable rule that the defendant, by answering, manifest his intention in good faith to defend, before he ask that the plaintiff be made to secure his costs.    Although not without some hesitancy, because of the contrary rule which has long been held in the First and Second departments (Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351; Segal v. Cauldwell, 22 App. Div. 95, 47 N. Y. Supp. 839), we conclude to hold that the delay to ask for such security until after answer should not be charged against the defendant as an unreasonable delay, and should in no way affect his absolute right to the order given him by section 3272.    We do not think that such rule has prevailed in the other departments of the state, and we are of the opinion that it ought not to be enforced against this appellant in this case.

We are not to be understood as holding that there may not be instances where the judge, in the exercise of his discretion, would be warranted in refusing the order allowed by section 3272, because of an unreasonable delay on the defendant's part.    Such instances might occur, particularly where the delay indicated bad faith on the defendant's part, or when the delay would work some injury or delay to the plaintiff.    What we now hold is that unreasonable delay may not be predicated solely upon the fact that the defendant answers before he makes the application, and that, therefore, such delay does not vest the judge to whom it is made with any discretion as to whether he will grant or refuse it.    From this view it follows that the order granted at chambers was not a discretionary one, and no error was committed by granting it without notice.

As to the question whether plaintiff was or was not a nonresident, in the absence of any affidavit by herself or her husband, or of some one with personal knowledge of the fact, we are not disposed to vacate the judge's order on the ground that she was a resident of the state.

The order appealed from should be reversed.