## TURELL v. ERIE R. CO.

### DEGRAW v. SAME.

(Supreme Court, Appellate Division, Second Department. December 5, 1899.)

1. **ACTION BY GUARDIAN AD LITEM—COSTS—SECURITY—TIME OF APPLICATION—LACHES.**
    Under Code Civ. Proc. § 3268, providing that defendant in an action brought by a guardian ad litem may require the plaintiff to give security for costs, a defendant, knowing he is entitled thereto, who does not move for such security in an action by a guardian until after the cause has been tried, resulting in a dismissal of the complaint, is guilty of such laches as will justify refusal to require plaintiff to give such security.

2. **ACTION BY GUARDIAN—SECURITY FOR COSTS—AMOUNT.**
    Under Code Civ. Proc. § 3272, declaring that, where security for costs is required, the court shall make an order requiring plaintiff either to pay the court the sum of $250, to be applied to payment of costs, if any, or, at his election, to file with the clerk an undertaking therefor, the court has no authority, in an action by a guardian ad litem, to require the plaintiff to give security for a greater sum than $250.

Appeals from special term, Orange county.

Actions by John Turell and Wilson Degraw, by their guardians ad litem, against the Erie Railroad Company. From an order requiring plaintiff in each action to give security for costs, they appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas Watts, for appellants.
Henry Bacon, for respondent.

PER CURIAM. The facts in each case are similar, except that in the case of Turell three trials have been had, the last resulting in a dismissal of the complaint, while in the case of Degraw there has been but one trial, with the same result. There is also this difference in the orders which have been made: In the first case, the order is to file security for all the costs in the action; in the second, it is to file security for the costs which may be awarded upon the appeal, and for the costs of the action. After the dismissal of the complaints and the entry of judgments thereon, the defendant moved to compel the plaintiffs to file security for costs. These motions have been granted, and these appeals present the question of their propriety. By virtue of sections 3268 and 3272 of the Code of Civil Procedure the plaintiff is required to give security for costs, and the defendant may insist upon the same as a matter of right. Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304. The absolute right, however, to compel security for costs to be given is a right which must be promptly exercised by the party entitled thereto. In the First department it has been held (Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351) that such right must be exercised before the service of an answer. This view was not adopted by the appellate division in the Third department (Wicker v. Village of Elmira Heights, 42 App. Div. 426, 59 N. Y. Supp. 130), where an order compelling the filing of security for costs was supported after answer had been served, the court refusing to follow the decision in the First department. Whether such be the rule or not, the last case does not assume to determine that the right may not be waived by the laches of the party. On the contrary, it expressly disclaims any such holding; otherwise, it would not be in harmony with the decisions of the courts in the other departments of the state. Robertson v. Barnum, 29 Hun, 657; Gifford v. Rising, 48 Hun, 128; Wolff v. Railroad Co. (Sup.) 2 N. Y. Supp. 789; Wood v. Blodgett, supra; Florence v. Bulkley, 1 Duer, 706. In the cases before us the defendant was aware that it was entitled to security for costs when the actions were first brought. It answered, and went to trial, in one case three times and in the other once. Within the rule of the cases last cited, this constitutes such laches as requires the court to deny to the party the remedy which it seeks. The order, therefore, in the Turell case cannot be sustained, and that in the Degraw case cannot be sustained so far as it requires security for the costs of the action. There is, however, an existing right of a party to move when a new proceeding is instituted wherein he may become entitled to the benefits of the provisions of the Code. In Gifford v. Rising, supra, an appeal was held to be such new proceeding which would give to the party entitled thereto the right to move to compel the filing of security for costs. This case was the rule that was in part adopted in the Degraw case, and such order, to that extent, is therefore to be supported. As it was within the discretion of the court to grant, the prior laches did not preclude the exercise of such power. The court, however, had no power to compel the filing of security for a greater sum than $250, as provided by section 3272 of the Code. In the Turell case this provision has been disregarded, as the order re-

quires security in a sum not exceeding $500. This is error. Robertson v. Barnum, supra.

It follows that the order in the Turell case should be reversed, and that in the Degraw case should be modified by striking out the provision requiring security for the costs of the action, and, as modified, it should be affirmed.