### TURRELL v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department.    January 30, 1900.)

1. COSTS—DEMAND—LACHES.

Though Code Civ. Proc. § 3268, provides that a defendant may demand security for costs where the plaintiff is a minor, whose guardian has not given such security, if the defendant is guilty of laches in making the demand the granting thereof is discretionary with the court, and a demand made after the issues have been tried three times should be refused.

2. SAME—AMOUNT.

Under Code Civ. Proc. § 3268, providing that a defendant may demand security for costs where the plaintiff is a minor, whose guardian has not given such security, though the court may require security for appeal as well as for the action, it cannot require security to the amount of $500, since, under section 3272, the guardian of an infant cannot be required to give security for more than $250.

Motion for reargument, or for leave to appeal to court of appeals. Denied.

For former opinion, see 61 N. Y. Supp. 308.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

PER CURIAM. We think that this application proceeds upon a misapprehension of our opinion in this and the De Graw Case. In saying that the conduct of the defendant in answering and going to trial "constitutes such laches as requires the court to deny to the party the remedy which it seeks" we did not mean that the court was compelled to deny the application as matter of law, but merely that a proper exercise of judicial discretion demanded that it should do so. Section 3268 of the Code of Civil Procedure entitles the defendant in a case like this to security for costs as a matter of right, if the application therefor is seasonably made. All the cases cited by the defendant, however, recognize the rule that this right may be lost by laches. They are not all in harmony as to what constitutes such laches; some of the decisions holding that security for costs should not be required after answer, while in one case the right has been held not to have been lost by delaying to apply for security until after the answer was served. Wicker v. Village of Elmira Heights, 42 App. Div. 426, 59 N. Y. Supp. 130. In the case cited the general term of the Third department concedes that there may be instances where the judge, in the exercise of his discretion, would be warranted in

62 N.Y.S.—27

refusing an order for security for costs because of unreasonable delay on the defendant's part. "Such instances might occur," says the court, "particularly where the delay indicated bad faith on the defendant's part, or when the delay would work some injury or delay to the plaintiff. What we now hold is that unreasonable delay may not be predicated solely upon the fact that the defendant answers before he makes the application, and that, therefore, such delay does not vest the judge to whom it is made with any discretion as to whether he will grant or refuse it." In the case at bar the issues have been tried three times, so that we have here presented a very different condition of facts from that which was before the court in the Third department. It seems to us that the delay here was so unreasonable, even under the doctrine of the Wicker Case, as to make the granting or denial of the application discretionary, and that, in the exercise of such discretion, the order should have been refused.

It is contended that, in any event, even if the matter be one of discretion, the court had the power to direct security to be given for the costs of the action as well as the costs of the appeal. This contention finds support in Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304, but there is nothing in that case in conflict with the doctrine of Robertson v. Barnum, 29 Hun, 657, to the effect that under section 3272 of the Code of Civil Procedure the guardian of an infant plaintiff cannot be required to give security for more than $250 costs. The order here required an undertaking in the sum of $500, and was, therefore, erroneous as to amount; but this error becomes immaterial in view of our conclusion that no order to give security for costs should have been granted at all at this advanced stage of the litigation.

Motion for reargument, or for leave to appeal to the court of appeals, denied.

HIRSCHBERG, J., taking no part.