vember, 1900, it knew that theretofore the plaintiff had breached its contract with the defendant, and at that time assented thereto, this reply would not be good, in that no facts are there set up which defeat the cause of action, and the demurrer should have been sustained. As stated, the fourth counterclaim sets up various breaches of the contract. The fifth reply is that:

"On or about the 27th day of December, 1899, the defendant duly consented that the plaintiff might purchase Palmer tires and might mention Palmer tires in their catalogue or advertisements, and that in such respect the agreement was modified and strict performance thereof waived by defendant."

This is not a denial of the counterclaim. It is an admission thereof without any denial, and is, if anything, a partial defense. It has not, however, been pleaded as a partial defense, and the demurrer was well taken. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.

In the sixth reply to the first counterclaim plaintiff alleges that the only bicycles sold by the American Bicycle Company as incomplete and stripped were of an inferior grade, manufactured and sold for the purpose of keeping in operation certain of the factories of the American Bicycle Company; that purchases from the defendant by said American Bicycle Company were not diminished by reason of the manufacture and sale of such incomplete and stripped bicycles. This is a confession, a partial defense, and a plea in mitigation of damages. Not being pleaded as such, it is demurrable under Thompson v. Halbert, supra.

The remaining replies and the demurrers thereto fall within some one of the rules discussed herein, and the demurrers should have been sustained.

The judgment must be reversed, and the demurrers sustained, with costs in this court and in the court below, with leave to reply over upon payment thereof within 20 days. All concur, except HOUGHTON, J., who dissents.

---

(110 App. Div. 329.)

### In re BOSTWICK.

### In re WM. RADAM MICROBE KILLER CO.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

CORPORATIONS—MORTGAGES—TRUSTEE—WHO MAY BE APPOINTED.

The owner of corporate bonds should not be appointed trustee in a mortgage given to secure the bonds.

Appeal from Special Term, New York County.

Judicial proceedings on the application of Walter W. Bostwick for the appointment of a person to execute a trust under a mortgage given by the Wm. Radam Microbe Killer Company. Appeal from an order appointing a trustee. Order reversed in part.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

A. H. Parkhurst, for appellant.
Terry Smith, for respondent.

CLARKE, J. The Wm. Radam Microbe Killer Company, a domestic corporation, on or about November 30, 1903, executed, acknowledged, and delivered to Joseph A. Morris as trustee, its certain indenture

of mortgage, which mortgage was filed in the office of the register of the county of New York on October 21, 1905. Said Morris accepted the trust and appointment as said trustee, and continued to act down to November 8, 1905, when in writing he resigned his trust and now declines to act. Walter W. Bostwick, alleging the foregoing facts, and that, by assignment, he is the owner of all the outstanding bonds of said company, and that default was made in the payment of interest on the coupons of said bonds due and payable on July 1, 1905, and that the said bonds and indenture of mortgage provide for foreclosure sale of the property set forth in said mortgage six months after the default, and that, by reason of the resignation of said Morris, it is necessary that some one be substituted in the place and stead of said trustee, petitioned the Supreme Court for his own appointment as such substituted trustee. The court granted such petition, and the company brings this appeal from so much only of said order as appointed the petitioner trustee.

It appears that there is some question as to the validity of a considerable number of the bonds; the company alleging that they had been delivered under a misrepresentation of fact, and that, by resolution, the board of directors had rescinded the contract and sale upon which they had been delivered, and repudiated any liability under said bonds. It also appears that under the indenture of mortgage the trustee had certain discretionary powers conferred upon him. It seems clear, therefore, that it would not be proper to appoint the owner and holder of the bonds the trustee under the mortgage. It would make the cestui que trust the trustee, and such is obnoxious to well-settled principle. If there be necessity for any trustee, obviously said trustee, as between the company which denies the validity of the bonds and the holder of the bonds, who demands foreclosure of the mortgage and payment of the bonds, should be disinterested. It is a general and well-settled provision of law that the office of trustee and beneficiary may not be united in the same person, as the two interests are incompatible. Rankine v. Metzger, 69 App. Div. 269, 74 N. Y. Supp. 649, and cases cited.

So much of the order as appoints Walter W. Bostwick trustee is reversed, with costs against the petitioner, and the matter remanded to the Special Term, with instructions to appoint some disinterested person trustee. All concur.

(110 App. Div. 537.)

PEOPLE v. KEENAN, City Chamberlain.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. CONSTITUTIONAL LAW—MONEYS PAID INTO COURT—DISPOSITION—DUE PROCESS OF LAW.

Laws 1892, p. 1207, c. 651, § 9, providing that, when any sum of money paid into court shall have remained in the hands of any county treasurer or of the chamberlain of the city of New York for the period of 20 years, it shall be paid over by such officer to the State Treasurer, who shall pay such sum of money to the owner thereof on presentation of a Comptroller's warrant therefor, which warrant shall be drawn by the Comptroller on the presentation to him of an order of court, etc., is not invalid as depriving beneficiaries interested in such money of their property without due process of law.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 797.]