(49 Misc. Rep. 338.)

COWEN v. ROUSS.

(Supreme Court, Special Term, New York County. February, 1906.)

COSTS—SECURITY FOR COSTS.

A motion to compel plaintiff to file security for costs under Code Civ. Proc. § 3271, based on the fact that defendant is sued as executor, is addressed to the discretion of the court; and where the action has been tried and the judgment and dismissal entered, and plaintiff has appealed,

and the appeal is not entirely without merit, a motion will be denied, where the granting of it would compel plaintiff to abandon her appeal.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 418.]

Action by Lizzie S. Cowen against Peter W. Rouss, executor. Motion to compel plaintiff to file security for costs. Denied.

John J. Rooney, for the motion.

Jacob Marx, opposed.

GILDERSLEEVE, J. The action has been tried and the complaint dismissed. From this judgment plaintiff has appealed. The defendant has made no effort to obtain the desired security until now, although about three years have elapsed since issue was joined in this action. Where motions for such security are made under sections 3268 and 3272 of the Code of Civil Procedure, it has been held that defendant's absolute right to compel a plaintiff to give the security is waived, unless it is asserted before the answer is served, and that, if made subsequent to answering, the application is addressed to the discretion of the court, and facts must be shown excusing the delay. Hill v. McNally, 28 Civ. Proc. R. 175, 53 N. Y. Supp. 351. Where, however, judgment has been obtained against plaintiff, as in the case at bar, and an appeal therefrom taken by plaintiff, it has been held that such appeal institutes a new proceeding, and that defendant thereupon has a right to demand security for the costs of the appeal, notwithstanding his neglect to demand security for costs until after the trial. Turell v. Erie R. R. Co., 46 App. Div. 296, 61 N. Y. Supp. 308. These authorities, however, apply particularly to motions made under sections 3268 and 3272 of the Code of Civil Procedure, where defendant has an absolute right to security, unless such right is waived.

This motion is made under section 3271 of the Code of Civil Procedure, being based on the fact that defendant is sued as executor. Here there is no absolute right to the security, but the application is addressed entirely to the discretion of the court. The defendant urges that he has issued execution on the judgment obtained against plaintiff, and that the execution has been returned unsatisfied, so that defendant is without remedy for the collection of the costs on appeal, should the judgment be affirmed. On the other hand, it appears that the granting of this motion will compel plaintiff to abandon her appeal, as she is absolutely without means to procure the security. It has been held that the power conferred by section 3271 of the Code of Civil Procedure should be exercised only in cases entirely free from doubt as to the ultimate successes of defendant (McEntee v. McEntee, 4 Month. Law Bul. [N. Y.] 20) ; and it is, of course, impossible for the court, upon the papers here presented, to arrive at the conclusion that plaintiff's appeal is entirely without merit. I am of the opinion that, under the circumstances, the motion should be denied. No costs.

Motion denied. No costs.