Judgment and order affirmed, with costs. All concur.

---

### In re BOSTWICK et al. ·

(Supreme Court, Appellate Division, First Department.   June 15, 1906.)

**1. APPEAL—DECISIONS REVIEWABLE—ORDER ENTERED BY DEFAULT.**

Where, on the return of an order to show cause why a substituted trustee should not be appointed under a mortgage, the mortgagor made default, it was not entitled to question the propriety of certain recitals in the order by appeal therefrom, but could only do so by a motion to resettle the order.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 885.]

**2. MORTGAGES—APPOINTMENT OF SUBSTITUTED TRUSTEE—ORDER OF APPOINTMENT.**

Where a holder of bonds secured by a mortgage obtained an order to show cause why a disinterested person should not be appointed as substituted trustee under the mortgage, it was improper for the order appointing the substituted trustee to recite that the applicant for the order was the holder and owner of all the outstanding bonds, and that the mortgagor had defaulted in paying the interest thereon; the validity of the bonds and the interest of the holder therein being in dispute.

Appeal from Special Term, New York County.

Application by Walter W. Bostwick for the appointment of a disinterested person to execute a trust under a mortgage given by the William Radam Microbe Killer Company. From portions of an order appointing a substituted trustee, and from an order denying a motion to resettle the former order, the mortgagor appeals. First appeal dismissed, and order involved in the second appeal reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Jacob W. Hartman, for appellant.

McLAUGHLIN, J.   The appellant, a domestic corporation, executed and delivered to one Morris, as trustee, a mortgage to secure the payment of certain bonds. Morris accepted the trust, and continued to act until November 8, 1905, when he resigned, and thereupon the respondent, Bostwick, alleging he was the owner of the outstanding bonds, was, upon his own application, appointed substituted trustee. The corporation appealed from so much of the order as appointed Bostwick trustee. The order was reversed, and the matter remitted to the Special Term, with instruction to appoint some disinterested person in place of Bostwick. Matter of Radam Microbe Killer Co., 110 App. Div.

329, 97 N. Y. Supp. 76. Subsequently, Bostwick applied, pursuant to the order of reversal, by an order to show cause for the appointment of a disinterested person. On the return of the order the corporation did not appear, and the motion was granted. The parties subsequently agreed upon a Mr. Hagar, and he was, on February 23, 1906, appointed substituted trustee, on motion of Bostwick's attorneys, by the entry of an order to that effect, which also contained the following recitals:

"And that Walter W. Bostwick is the owner of all the outstanding bonds issued under said indenture of mortgage or trust agreement, and that the Wm. Radam Microbe Killer Co. has defaulted in the payment of interest on said bonds due and payable on July 1st, 1905; * * * and within said time said Walter W. Bostwick execute, acknowledge, and deliver to said new trustee a bill of sale or assignment of all property transferred to him by the original Joseph A. Morris, and outstanding in his name as such trustee."

The corporation moved to resettle the order by striking out the recitals. The motion was denied, and it appeals from the order, and also from so much of the order of February 23, 1906, as contained the recitals.

I am of the opinion that the appeal, in so far as it is taken from the order of February 23, 1906, should be dismissed. The recitals were improperly inserted in the order, but the corporation is not in a position, inasmuch as it made default in appearing on the return of the order to show cause, to raise the question by an appeal from that order. It could only do so by a motion to resettle the order. It made such motion, which was denied, and the appeal from that order I think is well taken. There is a dispute between the corporation and Bostwick as to the validity of the bonds or his interest in them, and there ought not to be anything in the order which could be construed as a determination or adjudication of this question. The recitals which the corporation asked to have stricken out might be so considered, and for that reason they have no place in the order. Besides, the notice given was simply for the appointment of a disinterested person as trustee instead of Bostwick. Where the default of a party has been taken under a notice of motion served upon him, the moving party is entitled to no greater relief than that asked for in his notice. Smith v. Fleischman, 17 App. Div. 532, 45 N. Y. Supp. 553; Boston National Bank v. Armour, 50 Hun, 177, 3 N. Y. Supp. 22. There was nothing in the notice which in any way apprised the corporation that an application would be made to have such recitals inserted in the order. It had a right to rely upon the notice, if it did not appear that any greater relief would be granted than that asked for.

It follows, therefore, that the appeal, so far as taken from the order of February 23, 1906, should be dismissed, with $10 costs, and the order appealed from, denying a motion to resettle that order by striking out the recitals above quoted, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.