## HAGAR v. WILLIAM RADAM MICROBE KILLER CO.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

**1. Costs—Security for Payment—Actions on Bonds.**

Where bonds were assigned to an irresponsible person for the sole purpose of enforcing collection, and the trustee who brought the action had no property out of which a judgment for costs could be satisfied, security for costs should be required; the defendant having asserted the illegality of the bonds as a defense to the action.

**2. Same—Discretion of Court.**

Under Code Civ. Proc. § 3271, whether or not security for costs shall be given rests in the discretion of the Appellate Division, as well as of the Special Term of the Supreme Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 418.]

Appeal from Special Term, New York County.

Action by Marshall S. Hagar, trustee, against the William Radam Microbe Killer Company. From an order denying a motion to compel plaintiff to give security for costs, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Emanuel J. Myers, for appellant.
Charles J. Breck, for respondent.

McLAUGHLIN, J.   The defendant, a domestic corporation, on November 30, 1903, executed and delivered to one Morris, as trustee, a mortgage to secure the payment of certain bonds.   Morris accepted the trust and continued to act until November 8, 1905, when he resigned, and thereupon one Bostwick, who claimed to be the owner of all of the outstanding bonds, was, upon his own application, appointed substituted trustee; but the order appointing him was, on appeal, reversed, the court holding that, inasmuch as there was a question as to the validity of the bonds, the trustee and beneficiary ought not to be the same person.   Matter of Radam Microbe Killer Co., 110 App. Div. 329, 97 N. Y. Supp. 76.   Subsequently this plaintiff was appointed substitute trustee, and the order appointing him contained a recital that "Walter W. Bostwick is the owner of all the outstanding bonds."   A motion was thereafter made by defendant to resettle the order by striking out this recital.   The motion was denied, and an appeal taken from the order, which was reversed; the court holding that inasmuch as the validity of the bonds was in question the recital was improper.   Matter of Radam Microbe Killer Co., 114 App. Div. 199, 99 N. Y. Supp. 925.   After the plaintiff's appointment he was notified by the defendant that it claimed all of the bonds held by Bostwick were invalid, inasmuch as they were procured by fraud, and as trustee he was requested not to bring an action to enforce their collection unless indemnified by Bostwick, so that, in case the defendant succeeded upon the trial in establishing their invalidity, it could recover its costs. Thereafter the plaintiff brought this action to enforce collection of the bonds by the foreclosure of the mortgage given to secure their payment, and the defendant then moved that the plaintiff be required to give security for costs.   Its motion was denied, and the present appeal is from that order.

I am of the opinion the order should be reversed, and the motion granted.   The facts set out in the moving papers are not denied, from which it appears that one MacAtee, a resident of the state of Texas for the sole purpose of enforcing collection, assigned the bonds in question to Bostwick, who is irresponsible, and that plaintiff, as trustee, has no property whatever out of which a judgment for costs, if the same be recovered by defendant can be collected.   The plaintiff knew, prior to the commencement of the action, that the defendant claimed the bonds were invalid, and that, if an action were brought, it would assert their invalidity.   He knew this because the papers upon which the order appointing him was obtained alleged the bonds were invalid by reason of certain facts, which were stated.   He also knew it because the appeal which the defendant took from the order appointing him receiver contained a recital that Bostwick was the owner of the bonds, which was stricken out because the validity of the bonds was denied. He also had knowledge of this fact because the defendant, prior to the commencement of the action, gave him specific notice that, if an action were brought to enforce the bonds, the same would be defended upon

the ground that they were invalid, and by reason thereof he ought to require security for costs.

Under such circumstances the plaintiff ought, in the discharge of his duty, to require Bostwick to indemnify him, so that, if he should be unsuccessful in the action and costs should be recovered against him, there would be something out of which the defendant could recover the same. It is true whether or not security shall be given rests in the discretion of the Supreme Court (Code Civ. Proc. § 3271); but this discretion is lodged in the Appellate Division, just as much as it is in the Special Term, and on the facts here presented (which are not contradicted) to deny an application requiring security for costs is, in my opinion, an abuse of discretion.

Entertaining this view, I am of the opinion the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(119 App. Div. 847)

### WASHINGTON LIFE INS. CO. v. SCOTT.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

**1.** PLEADING—ALLEGATIONS—SPECIFICNESS.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 38.]

**2.** SAME—AMENDMENT.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 591.]

Clarke, J., dissenting.

Appeal from Special Term, New York County.