NASSAR v. ELIAS.

(Supreme Court, Special Term, New York County.  December, 1908.)

Costs (§ 112*)—Security for Costs.

In the First department of the Supreme Court the right to security for costs because of nonresidence of plaintiff, as an absolute one, must be asserted before service of answer.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463, 466; Dec. Dig. § 112.*]

Action by one Nassar against one Elias.  On motion by defendant for security for costs.  Denied.

. M. M. Greenstein, for the motion.

Samuel J. Siegel, opposed.

MacLEAN, J.  The defendant moves for security for costs on the ground of nonresidence of the plaintiff.  His affidavit is vague as to the status of the action.  He deposes that he was served with the summons and complaint on December 31, 1907; that the answer was served on March 31, 1908; and that "this action * * * was heretofore tried on the 26th day of December, 1907, * * * and the complaint dismissed."  He then deposes to the substitution of his present attorney, and immediate notice to plaintiff to file security for costs, "and alleges that the reason that no previous application herein has been made was that the said attorney who heretofore represented your deponent, without the knowledge and consent of your deponent, did not apply for security for costs, and that your deponent had no knowledge that he was by law entitled thereto."

In this department it is held that the right, as an absolute one, must be asserted before the service of an answer, and that "a subsequent application is addressed to the discretion of a court, and some fact must be shown to excuse the delay in making it."  Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 133, 53 N. Y. Supp. 351. In the Second department it is said that application after trial constitutes such laches as requires the court to deny the remedy, unless a new proceeding, as an appeal is instituted (Turell v. Erie R. R., 46 App. Div. 296, 61 N. Y. Supp. 308), which does not appear herein. The defendant shows no fact that will justify the court in excusing his late application, founded, not upon ignorance of fact, but of law.

Motion denied, with $10 costs.