permission in the order of the village trustees laying out the street to cross such jog is superfluous.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 646.*]

In the matter of the application of Emily C. Chew for writ of certiorari directed to the Board of Trustees of the Village of Babylon to review the proceedings of the trustees of the village of Babylon, in Suffolk county, in laying out a street, the relator being the owner of the land to be taken. The course of the street is along Sumpwams creek, a small and shallow tidal stream which runs into Great South Bay. The relator owns a tract of land fronting on the said creek, and the proposed street will take the front thereof. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

William G. Nicoll, for relator.

Albert D. Haff, for respondent.

GAYNOR, J. The order of the village trustees laying out and opening the street gives its west line by courses and distances, and the east line as along a certain tidal creek, with an addition that such east line should "extend out into the waters of said creek whenever necessary to make a width of fifty feet"; and the order makes two specified maps which were received in evidence and filed in the proceeding a part of the description. These maps show the said west line, and also the line of the creek. Being on a scale of 100 feet to the inch, it appears that the width between the said two lines of the street is always at least fifty feet, except at one place, where there is a narrow jog or spur (viz., about 25 feet wide) on the creek which runs into or a little over the said west line of the street. It is therefore objected by the appellant that at that point the street will be of no width for the reason that it cannot cross the said jog or spur, inasmuch as that would be to encroach on tidewater, although the order of the commissioners permits that to be done. But to bridge or even fill up this trifling jog or break in the bank would be no encroachment on the creek. The custom is to fill them up. The permission of the order to carry the line out into the water where that would be necessary to get a road width of fifty feet was put in the order only because of the objection raised before the commission in respect of this spur or jog, and is superfluous.

The order should be affirmed.

Determination affirmed, with costs. All concur.

---

UNITED STATES, to Use of COLLINS, v. BANGS et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. Costs (§ 136*)—Security—Waiver of Right—Delay in Demanding.

The right to demand security for costs may be waived by failure to move therefor promptly, and where defendants knew all the facts when the action was brought which entitled them to demand security but serv-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed their answers and the case was set for trial before they moved for security they waived their right to require security.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 533; Dec. Dig. § 136.*]

2. APPEAL AND ERROR (§ 984*)—DISCRETION OF TRIAL COURT—REQUIRING SECURITY FOR COSTS.

Where there were no circumstances justifying the trial court in exercising its discretion by requiring security for costs of plaintiff, after defendants had waived their right to security by failure to move therefor promptly, the order requiring such security is reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3815; Dec. Dig. § 984.*]

Hirschberg, P. J., dissenting.

Appeal from Special Term, Kings County.

Action by the United States, to use of Henry Collins, against Anson M. Bangs, sole surviving partner of the firm of Hughes Bros. & Bangs, and another. From orders granting motions of defendants for security for costs, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Henry B. Hammond, for appellant.

Park L. Woodward, for respondents.

BURR, J. The firm of Hughes Bros. & Bangs, of which the defendant Anson M. Bangs is the surviving partner, entered into a contract with the United States government to dredge Bay Ridge channel and Red Hook channel in New York Harbor. Pursuant to the provisions of an act of Congress passed August 13, 1894 (Act Aug. 13, 1894, c. 280, 28 Stat. 278 [U. S. Comp. St. 1901, p. 2523]), they gave a bond upon which the defendant the United States Fidelity & Guaranty Company was a surety, conditioned for the making of prompt payment to all persons supplying to them labor or materials in the prosecution of the work. The act further provided that any such person to whom payment had not been made should have a right of action and be authorized to bring suit in the name of the United States against the contractor and his sureties, and that the court in which the action is brought might require security for costs in case judgment is for the defendant. This action was brought under the provisions of said act on the 12th day of November, 1908. Issue was joined by service of the answer of the defendant Bangs on December 18, 1908, and the answer of the defendant United States Fidelity & Guaranty Company on January 12, 1909. The case was noticed for trial for the February term, and was actually set down to be tried on March 9th. On the 2d day of March, orders to show cause were obtained, returnable March 4th, why the plaintiff should not give security for costs. From the orders granting the motions, this appeal is taken.

The only question to be considered is whether the defendants have waived their right to demand such security. The practice seems to be settled in this department and in the First Department that, even

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

when the right to security for costs is absolute, that right may be waived by failing to move promptly, and that failure to require such security before serving the answer will, in the absence of a valid excuse for delay, be such laches as will amount to a waiver. Buckley v. Gutta Percha Rubber, etc., Mfg. Co., 3 Civ. Proc. R. 428; Turell v. Erie Railroad Co., 46 App. Div. 296, 61 N. Y. Supp. 308; Henderson, Hull & Co. v. McNally, 33 App. Div. 132, 53 N. Y. Supp. 351; Fabrik S. V. A. G. v. Nease, 117 App. Div. 379, 102 N. Y. Supp. 672. In this case the defendants knew, as soon as the action was brought, all of the facts which entitled them to demand security. They not only served their answers, but the case was noticed for trial and actually set down for trial before the motion was made. The motion was too late. No excuse was offered for the delay. There was therefore nothing to call upon the court at Special Term to exercise its discretion favorably to the defendants, and its action is reviewable here. Hagar v. Radam Microbe Killer Co., 119 App. Div. 839, 104 N. Y. Supp. 896.

The orders appealed from should be reversed, with $10 costs and disbursements.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur, except HIRSCHBERG, P. J., who dissents.