### HILGENBERG v. GREAT EASTERN CASUALTY & INDEMNITY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

COSTS (§ 109*)—SECURITY FOR COSTS—REQUIRING FROM ADMINISTRATOR.

   Where ancillary administration was taken out in this state for the sole purpose of suing on an accident policy held by a resident of another state at his death, there being no assets in this state but the cause of action on the policy, the motion of the insurer for security for costs, under Code Civ. Proc. § 3271, permitting the court in its discretion to require such security from an administrator, was improperly denied, in the absence of special reasons for such action.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 439–461; Dec. Dig. § 109.*]

Appeal from Special Term, New York County.

Action by George Hilgenberg, as ancillary administrator of Frederick William Hilgenberg, deceased, against the Great Eastern Casualty & Indemnity Company of New York. From an order denying a motion for security for costs, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Samuel H. Guggenheimer, for appellant.

McLAUGHLIN, J. One Hilgenberg, a resident of New Jersey, died on the 4th of February, 1910. Letters of administration were on the 7th of September following issued upon his estate to this plaintiff, who, on the 21st of the same month, obtained ancillary letters of administration in the state of New York. The intestate at the time of his death held an accident policy to the amount of $5,000, issued by the defendant, and upon which a recovery is here sought. When application was made for ancillary letters, a statement was made to the effect that the intestate had no property in the state of New York other than the cause of action upon the policy referred to, and for that reason letters were issued without requiring any security. On the 1st of August, 1910, the plaintiff commenced this action by the service of a summons, and some time thereafter served the complaint. After the complaint had been served, the defendant moved, under section 3271 of the Code of Civil Procedure, that the plaintiff be required to give security for costs. The motion was denied, and defendant appeals. This section of the Code pro-

vides, among other things, that in an action brought by or against an administrator in his representative capacity the court may, in its discretion, require the plaintiff to give security for costs.

[1] I am of the opinion that the court in the exercise of its discretion should have granted the motion. Hagar v. William Radam Co., 119 App. Div. 839, 104 N. Y. Supp. 896; McKeaggan v. Post & McCord, 117 App. Div. 129, 102 N. Y. Supp. 276; Meaney v. Post & McCord, 117 App. Div. 563, 102 N. Y. Supp. 611; Graham v. Aschenbach, 136 App. Div. 447, 120 N. Y. Supp. 882. The plaintiff, as ancillary administrator, has no property in this state, except the claim in suit, and, if costs are awarded against him, nothing in this state with which to pay them. Under such circumstances, a plaintiff ought to give security for costs unless special reasons are shown to exist why the requirement might lead to a denial of justice. Without the security the defendant, while obliged to pay costs if defeated, would be unable to collect costs if successful. No facts are set forth justifying the denial of the motion.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

