JAMES S. HOPKINS, as Receiver of the Illinois Surety Co., Plaintiff, v. ISRAEL COHEN, Defendant.

(City Court of the City of New York, Special Term, September, 1916.)

Laches — when motion vacated because of — security for costs — waiver — undertaking to secure costs.

In the absence of a valid excuse for delay defendant's failure to require plaintiff to give security for costs will be deemed such laches as will amount to a waiver of his right to such security.

An *ex parte* order requiring plaintiff to deposit $250 or in lieu thereof to give an undertaking to secure defendant his costs if successful, granted more than a year after service of the answer, will be vacated on motion because of laches.

**42**

City Court of New York, September, 1916.   [Vol. 96.

MOTION to vacate and set aside an *ex parte* order.

Nelson L. Keach for motion.

Bernard H. Sandler for defendant, opposed.

FINELITE, J.— This court having heretofore made an order *ex parte* requiring the plaintiff to deposit with this court the sum of $250, or in lieu thereof give an undertaking to secure to the defendant herein such costs in a like sum that he would be entitled to if successful in the action, upon the ground that plaintiff is a non-resident of this county, a motion is now made by the plaintiff to vacate and set aside such *ex parte* order upon the ground that the defendant did not obtain said order as a matter of right, the defendant having answered in 1914 and said *ex parte* order obtained in September, 1916.   The practice seems to be settled that, when the right to security for costs is absolute, that right may be waived by failing to move promptly, and that failure to require said security before serving the answer will, in the absence of a valid excuse for delay, be such laches as will amount to a waiver.   *Segschneier* v. *Waring Hat Mfg. Co.,* 134 App. Div. 215-217; *Fabrik v. Nease,* 117 id. 379; *Buckley* v. *Gutta Percha & Rubber Mfg. Co.,* 3 Civ. Pro. 428; *Turell* v. *Erie R. R. Co.,* 46 App. Div. 296; *Henderson, Hull & Co.,* v. *McNally,* 33 id. 132.   These decisions, as heretofore cited, have been made preceding 1915, under section 3272 of the Code of Civil Procedure, which reads: '' Where security for costs is required to be given, the court in which the action is pending, or, except in a case specified in the last section, a judge thereof, upon due proof by affidavit of the facts, must make an order requiring the plaintiff, within a time specified, either to pay into court, the sum of two hundred and fifty

dollars, to be applied to the payment of the costs, if any, awarded against him, or, at his election, to file with the clerk an undertaking, and to serve a written notice of the payment or of the filing." By the Laws of 1915, chapter 635, section 3272 of the Code of Civil Procedure was amended to read as follows: " Where security for costs is required to be given, the court in which the action is pending, * * * upon due proof, *at any time,* by affidavit, of the facts, must make an order requiring the plaintiff * * *." The amendment heretofore quoted to said section directs the court to make such an order upon the presentation of sufficient facts as to the non-residence of the plaintiff, which is mandatory. The excuse that was given for the making of the *ex parte* order was that when the issue was joined in this case the attorney representing the defendant stated that he was ill and absent from the office and had placed this case in the hands of his assistant, and that when he returned he was informed that security for costs had been filed in this case, and that he remained under that impression until the 27th day of August, 1916, when, upon examining the papers on file in this case, he found that security for costs had never been filed. Therefore the defendant knew through his attorney as soon as the action was brought the facts which entitled him to demand security. The defendant not only served his answer, but the case was noticed for trial in 1914. The application was made too late. No excuse was offered for the delay. There was therefore nothing to call upon the court at Special Term to exercise its discretion favorably to the defendant. The motion now made to vacate the said *ex parte* order must be granted for the reasons heretofore stated.

Motion granted.