■ RICHARD L. LEWIS, an Infant, by His Father, ARTHUR J. LEWIS, et al., Respondents, v. JEWISH GUILD FOR THE BLIND et al., Appellants, et al., Defendant.— Appeals by defendants the Jewish Guild for the Blind and the Industrial Home for the Blind, as limited by their notices of appeal and briefs, from portions of two orders of the Supreme Court, Queens County, namely, (1) from so much of an order dated January 11, 1968 as conditionally denied plaintiffs' cross motion to strike out appellants' answers to the complaint, i.e., on condition that appellants produce for examination before trial seven named persons; and (2) from so much of an order dated April 5, 1968 as (a) on renewal or reargument of plaintiffs' said cross motion adhered to the original decision and (b) denied appellants' motion to resettle said court's prior order, dated November 30, 1967 and made on default, which required appellants to produce said persons. Appeals from order dated January 11, 1968, dismissed as academic. This order, insofar as appealed from, was superseded by the order dated April 5, 1968. Order dated April 5, 1968 modified, on the law and the facts, by (1) striking out (a) the second decretal paragraph thereof, which denied appellants' motion to resettle the order dated November 30, 1967, and (b) so much of the first decretal paragraph thereof as provided for adherence to the original decision embodied in the order dated January 11, 1968 and (2) substituting therefor a provision (a) that plaintiffs' cross motion to strike out appellants' answers is denied and (b) that the order dated November 30, 1967 is resettled by (i) striking out so much of the second decretal paragraph thereof as directed appellants to produce the persons named therein, except with respect to Ada Kozier, who is an employee of appellant Jewish Guild for the Blind, and (ii) substituting therefor a provision directing the examination, as witnesses, of the six persons other than Ada Kozier who have not yet been examined, without prejudice to the right of such persons to challenge plaintiffs' right to examine them before trial as witnesses. As so modified, order of April 5, 1968 affirmed insofar as appealed from. The examinations shall proceed on written notice of not less than 10 days. Appellants are allowed one bill of $10 costs and disbursements, jointly, against respondents, to cover all the appeals. In our opinion, the order of November 30, 1967 impermissibly granted relief to plaintiffs which was not specified in their notice of motion, in that it thrust upon appellants the burden of producing the witnesses whose examination was sought by plaintiffs. By directing appellants to produce said persons and to be examined through them, and by further directing appellants to produce papers in connection with such examination, the order of November 30 was unauthorized (*Matter of Radam Microbe Killer Co.*, 114 App. Div. 199; *Smith* v. *Fleischman*, 17 App. Div. 532; 2 Carmody-Wait 2d, N. Y. Prac., § 8:72, p. 93). Under the circumstances, appellants' applications for relief therefrom should have been granted by the learned Special Term to the extent herein indicated, particularly since the persons named, except Ada Kozier, were not longer in appellants' employment (*McGowan* v. *Eastman*, 271 N. Y. 195; *Milnes Co.* v. *Staten Is. Bd. of Jewish Educ.*, 26 A D 2d 831; *Vosburgh* v. *McLean Trucking Co.*, 19 A D 2d 666; CPLR 3101, subd. [a], par. [1]). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.