OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs, petition reinstated and matter remanded to the court below for further proceedings.
In this nonpayment proceeding, tenant moved to vacate a default final judgment and to restore the matter to the calendar. Landlord did not submit papers in opposition to tenant’s motion but appeared on the return date with its witnesses and consented to the vacatur of the default final judgment. The Housing Court vacated the default final judgment, ordered an immediate abatement hearing and precluded landlord from calling witnesses at the abatement hearing because of landlord’s failure to submit opposition to tenant’s motion. Following the hearing, the court awarded judgment in favor of tenant.
We reverse. Upon landlord’s failure to submit papers in opposition to tenant’s motion, the Housing Court could properly preclude landlord from arguing in opposition to the motion (22 NYCRR 208.11 [b] [3]) and could, particularly in light of landlord’s consent, vacate the default final judgment and restore the matter to the calendar. However, the court could not grant relief beyond that specifically requested in the motion (Matter of Bostwick, 114 App Div 199; 2 Carmody-Wait 2d, NY Prac § 8:65). Thus, it was error for the court to preclude landlord from introducing testimony at the hearing. Because the court did so, the judgment must be reversed and the matter remanded for further proceedings.
We incidentally note that inasmuch as no counterclaim was interposed by tenant, it was error for the court to award tenant damages for breach of the warranty of habitability for a period beyond that for which rent was sought in the petition.
Aronin, J. P., Scholnick and Patterson, JJ., concur.