342 E. 50th St. LLC v Privitello (2020 NY Slip Op 03853)





342 E. 50th St. LLC v Privitello


2020 NY Slip Op 03853


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


154507/18 -11786 11785 11784 11783 11782

[*1] 342 East 50th Street LLC, Plaintiff-Appellant,
v
Deborah Privitello, Defendant-Respondent.


Thomas S. Fleishell & Associates, P.C., New York (Thomas S. Fleishell of counsel), for appellant.
Dichter Law LLC, Mount Kisco (Joel R. Dichter of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered March 19, 2019, which granted defendant's motion to vacate her default and dismiss the complaint (Motion Seq. No. 002), unanimously affirmed, without costs; order, same court and Justice, entered March 19, 2019, which denied plaintiff's motion for contempt and granted defendant's cross motion for damages (Motion Seq. No. 003), unanimously modified, on the law, to vacate the award of damages, and otherwise affirmed, without costs; order and judgment (one paper), same court and Justice, entered June 18, 2019, awarding defendant damages in the amount of $118,712, unanimously reversed, on the law, without costs, and the judgment vacated, and appeals from orders, same court and Justice, entered April 1, 2019 and June 18, 2019 (Motion Seq. Nos. 001 and 005), determining that no trial on damages was necessary, unanimously dismissed, without costs, as moot in light of the above determinations.
The trial court correctly determined that service of process was improper and dismissed the complaint, as there was no showing by plaintiff of impracticability, as required by CPLR 308(5). The selected method of service at the subject premises was not reasonably calculated to provide defendant with notice of this action, given, inter alia, the vacate order then in effect (see Mullane v Central Hanover Trust & Co ., 339 US 306, 314 [1950]; Bossuk v Steinberg , 58 NY2d 916, 919 [1983]). Given the dismissal, plaintiff's motion for contempt was properly denied.
The trial court, however, improvidently awarded a monetary judgment in favor of defendant, where no answer was filed asserting a counterclaim and the court had dismissed the complaint (see Pallotta v Perry , 2002 WL 1798804 [App Term, 9th & 10th Jud Dist 2002]; 4117 15th Ave. [*2]Realty Corp. v Hornedo , 184 Misc 2d 986 [App Term 2d Dept 2000]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK